WILLIAM J. TURNES, Appellant, *vs.* ELIZABETH BRENCKLE,
Appellee.

*Opinion filed February 25, 1911—Rehearing denied April 6, 1911.*

1. MECHANICS' LIENS—*when waiver of lien is available to the owner of a building.* Where a building contractor executes to a trust company, which is the owner's agent for selling her bonds and accounting to her for the proceeds, a waiver of "any and all lien or right of lien" when the contractor shall have received a stipulated sum, the waiver is available to the owner of the building, whether the contractor receives such sum from the trust company or directly from the owner.

2. SAME—*a general waiver of lien must be enforced as made.* While a waiver of lien for a clearly expressed special purpose will be confined by the courts to the purpose intended, yet where a general waiver is executed and there is nothing in the context to show a contrary intention, there is nothing left for the court to do but enforce the contract as the parties have made it.

3. SAME—*mechanics' liens exist only by virtue of statutes—such statutes must be strictly construed.* Mechanics' liens were not recognized by the common law nor allowed in equity, independently of statutes, but they exist only by virtue of statutes creating them and providing a method for their enforcement, and such statutes must be strictly construed with reference to all requirements upon which the right to a lien depends.

4. SAME—*prior to the act of 1903 no personal decree was authorized where lien was not established.* Prior to the amendatory act of 1903, concerning mechanics' liens, there was no authority for the entry of a personal decree against the owner for the amount found to be due the contractor in case the latter failed to establish his right to a lien, and such act was intended to give the court power to enter a personal decree under circumstances where no such power existed before.

5. SAME—*constitutionality of laws establishing liens for labor and materials is well established.* The constitutionality of statutes authorizing liens in favor of persons whose labor and material have enhanced the value of real estate is well established, but the courts are inclined to limit such statutes to the creation of the liens and to appropriate means of enforcing them.

6. TRIAL BY JURY—*the right to trial by jury cannot be taken away, directly or indirectly.* The right to trial by jury with respect to matters wherein such right existed at the time the constitution was adopted cannot be taken away, directly or indirectly,

by transferring the jurisdiction to try purely legal cases to a court of chancery, where, according to usual practice, juries are not demandable as a matter of right.

7. SAME—*the complainant's waiver of jury by invoking aid of equity does not bind defendant.* A party who invokes the jurisdiction of a court of equity thereby waives his right to demand a jury, but his action in that respect cannot deprive the defendant of his right to a jury trial if he is otherwise entitled thereto.

8. SAME—*jury trial is not a matter of right in a chancery proceeding unless given by statute.* Unless given by statute a jury trial is not a matter of right in a chancery proceeding, although the chancellor may submit an issue to a jury in any proceeding before him; but he is not required to do so in the absence of a statute, and his refusal cannot be assigned as error.

9. SAME—*trial of feigned issue in chancery is not equivalent to a trial by jury.* The trial of a feigned issue in a chancery proceeding is not equivalent to a trial by jury at law, as the verdict is merely advisory, and error committed in rulings on evidence or instructions in such case is of no consequence, if upon the whole record it appears that the decree was the result of the independent judgment of the chancellor upon the evidence.

10. CONSTITUTIONAL LAW—*constitutional provision as to a jury trial does not apply to trial of issues of fact in equitable actions.* The constitutional provision relating to a jury trial does not apply to the trial of issues of fact in equitable actions, since, if it did, a court of equity would be compelled to grant a jury trial, when demanded, in all cases where the same issue would be triable by a jury in a common law action.

11. SAME—*constitution guarantees a jury trial wherein the verdict is not merely advisory.* Under the constitution a party is entitled, as of right, to a trial by jury according to the course of the common law and to a verdict which is ·not merely advisory but is binding upon the court upon controverted questions of fact, and the question whether the right to a. jury trial exists in any given case depends upon the nature of the controversy rather than upon the form of action.

12. SAME—*provision of Mechanic's Lien act authorizing a personal decree is invalid.* The provision of section 13 of the Mechanic's Lien act of 1903, (Laws of 1903, p. 236,) authorizing the court, in case it finds in any proceeding in chancery that no right to a lien exists, to render judgment as at law against the owner for the amount the contractor is entitled to, together with costs, in the discretion of the court, is unconstitutional, as being special legislation and as depriving a defendant of the right to trial by jury.

FARMER and DUNN, JJ., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

HOYNE, O'CONNOR, HOYNE & IRWIN, (HARRY D. IRWIN, and CARL J. APPELL, of counsel,) for appellant:

Where a release or waiver of lien is executed for the purpose of giving a mortgage priority over it, the court will confine the operation of such release or waiver to the purpose intended by the parties thereto. A stranger to the release can take no benefit from the same. *Paulsen* v. *Manske,* 126 Ill. 73.

Delay in the completion of a contract beyond the time specified therein will not constitute a defense to a claim for lien, where the owner permits the contractor to complete said contract after the time specified for its completion and shows no intention to forfeit the contract. *Smith* v. *Sanitary District,* 108 Ill. 69; *Paddock* v. *Stout,* 120 id. 571.

The law relative to mechanics' liens, in so far as it provides that the contractor shall be entitled to recover against the owner as at law and which gives the court power to render judgment as at law in the event the court shall find that no right to a lien exists, is constitutional. *Ross* v. *Irving,* 14 Ill. 170; *Gage* v. *Ewing,* 107 id. 11; *Heacock* v. *Hosmer,* 109 id. 245; *Curtis* v. *Sutter,* 15 Cal. 259; *Taber* v. *Cook,* 15 Mich. 322; *Donahue* v. *Meister,* 88 Cal. 121; *Hyde* v. *Redding,* 74 id. 493; *Gormley* v. *Clark,* 134 U. S. 338.

ARND & ARND, (FREDERICK ARND, of counsel,) for appellee:

That portion of section 13 of the Mechanic's Lien act of 1903 which provides that if the court shall find that no lien exists the contractor shall be entitled to recover as at law and the court shall render judgment as at law, is unconstitutional because it is special legislation, in violation of section 22 of article 4 of the constitution, (*Manowsky* v.

*Stephan,* 233 Ill. 409,) and because it violates section 5 of article 2 of the constitution, which declares that the right to trial by jury shall remain inviolate. *Spring Valley* v. *Coal Co.* 173 Ill. 497; *McKinney* v. *Springer,* 6 Ind. 511.

Prior to the statute of 1903 a personal decree was unauthorized where efforts to establish a lien failed. *Green* v. *Sprague,* 120 Ill. 416.

In foreclosure suits there is no right to a money decree except for a deficiency after sale. *Cotes* v. *Bennett,* 183 Ill. 82.

Appellant's right to a lien, if any existed, was waived and released before this suit was commenced.

An architect's certificate was a condition precedent to the right of appellant to require payment, unless appellant has shown, by a preponderance of the evidence, that the certificate was withheld through fraud. Such fraud must be actual and must be clearly proven. *Gilmore* v. *Courtney,* 158 Ill. 432; *Snell* v. *Brown,* 71 id. 133; *Arnold* v. *Bournique,* 144 id. 132; *Korf* v. *Lull,* 70 id. 420; *McAuley* v. *Carter,* 22 id. 53; *Kihlberg* v. *United States,* 97 U. S. 398; *Gleason* v. *United States,* 175 id. 607.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

The appellant, William J. Turnes, doing business as William J. Turnes Company, filed a bill in chancery in the circuit court of Cook county to establish and enforce a mechanic's lien against certain real estate owned by appellee, Elizabeth Brenckle. In consideration of $13,042 appellant contracted to do the masonry work on a building then in process of erection on lots owned by appellee and located at the north-east corner of Lawrence avenue and Sheridan road, in the city of Chicago. Under the contract the work was to be done under the direction of S. N. Crowen, architect, and payments were to be made as the work progressed,

less fifteen per cent, upon estimates and certificates of the architect. The final payment under the contract was to be made within thirty days after the contract was fulfilled, upon the certificate of the architect. Payments were made from time to time during the progress of the work, aggregating $11,042. The architect refused to give a certificate for the final payment of $2000, and upon appellee's refusal to pay without such certificate, appellant filed his bill for a lien. Appellant claimed $257.04 for extras and $39.67 for interest, making a total of $2296.71. The bill alleges that the work was completed in accordance with the contract and that the building was accepted by the owner, and that the architect, fraudulently and without justifiable excuse, refused to issue appellant a final certificate after frequent demands for that purpose had been made. The answer denied that the architect wrongfully and fraudulently withheld his certificate, and alleged that the building had not been constructed according to the plans and specifications attached to the contract. The answer also relied upon an alleged waiver executed by appellant on March 15, 1904, to the Royal Trust Company, which said waiver recited, among other things, "that when it [appellant] has received the sum of $7800, without further act on its part, shall be and constitute a full and complete waiver and release of any and all lien or claim or right of lien," etc. After the execution of this waiver appellant received of the Royal Trust Company $7342, and $3700 was paid direct to appellant by appellee. The cause was referred to a master in chancery, who, after hearing the evidence, reported that there was due appellant a balance of $2000; that his claim for extras was not sustained; that the architect's certificate had been withheld without good cause, and that the waiver of lien executed and delivered to the Royal Trust Company by appellant had not been complied with and the same became null and void. The master also found that appellant was entitled to five per cent interest on said $2000 from

July 10, 1904, and ten per cent of the whole amount due as solicitor's fees, and recommended that a decree be entered in accordance with such findings. Upon a hearing before the court objections were sustained to all of the findings of the master except the one wherein he found that the certificate of the architect was withheld without justifiable cause. The result of the findings of the court is, that the failure of the appellant to obtain the final certificate of the architect, under the evidence, presented no obstacle to the enforcement of a lien, but that the waiver, as construed by the court, being general and therefore available to appellee as defense, was a complete bar to appellant's bill for a lien. By an amendatory act which went into effect July 1, 1903, it is provided as follows: "And in event that the court shall find, in any proceeding in chancery, that no right to a lien exists, the contractor shall be entitled to recover against the owner as at law, and the court shall render judgment as at law for the amount which the contractor is entitled to, together with costs in the discretion of the court." (Hurd's Stat. 1909, chap. 82, sec. 13.) The court below held the foregoing statute unconstitutional and refused to enter judgment as at law for the amount that might be due appellant. The constitutionality of a statute being thus involved, the court below allowed an appeal direct to this court.

We agree with the trial court as to the construction of the waiver executed by appellant. The written waiver is not ambiguous, and its language clearly indicates an intention to waive appellant's right to any lien when $7800 had been paid on the contract. It was not necessary, in order to make the waiver available to appellee, that the $7800 should have been paid to appellant by the trust company. If appellant actually received the stipulated amount it is immaterial whether it was paid to him directly by the appellee or indirectly through the trust company. In either event the money belonged to appellee, and the trust company was her

agent for the purpose of selling her bonds and accounting to her for the proceeds.

While it is true, as this court held in *Paulsen* v. *Manske,* 126 Ill. 72, that a release or waiver of a lien may be made for a certain purpose,—as, to give a mortgage priority over it,—and where such intention is clearly expressed the court will confine the operation of such release to the purposes intended by the parties thereto, still, where a general waiver is executed and there is nothing in the context to show a contrary intention, there is nothing left for the court to do but to enforce the contract as the parties have made it. While the evidence is somewhat conflicting upon the question whether there was such a failure on the part of appellant to construct the building in accordance with the plans and specifications as to justify the architect in refusing to make a final certificate, we are satisfied with the conclusion of the trial court upon this question. The waiver, as we have already seen, was a defense to appellant's claim for lien, and since the final certificate of the architect was not a condition precedent to appellant's right to recover a judgment *in personam,* the question is fairly presented whether the court properly refused to render such judgment in accordance with the statute of 1903, above referred to, on the ground that the statute in question is unconstitutional. The validity of the statute in question is assailed on the ground that it is special legislation, in violation of section 22 of article 4 of the constitution, and because it deprives the property owner of the right to a trial by jury, in violation of section 5 of article 2 of the constitution.

Mechanics' liens exist only by virtue of statutes creating them and providing a method for their enforcement. No such liens were recognized by the common law, nor were they allowed in equity independently of statutes. (*Slack* v. *Collins,* 145 Ind. 569; 42 N. E. Rep. 910; 27 Cyc. 17.) Since such statutes are in derogation of the common law, they are strictly construed with reference to all requirements

upon which the right to a lien depends. (27 Cyc. 20; *But-ler* v. *Gain,* 128 Ill. 23; *Williams* v. *Vanderbilt,* 145 id. 238; *Freeman* v. *Rinaker,* 185 id. 172.) Independently of the statute of 1903, a personal decree was not authorized where an effort to establish such lien had been made and failed. (*Green* v. *Sprague,* 120 Ill. 416; *Bouton* v. *McDonough County,* 84 id. 384.) While the power of a court of equity to enter a personal decree for a deficiency after there has been a sale has been recognized, we are not aware of any case which holds that the court may enter a personal decree where there has been an entire failure to establish a lien under the statute. The amendment of 1903 was manifestly intended to give the court the power to enter a personal decree under circumstances where no such power existed before. The constitutionality of statutes authorizing the establishment of liens in favor of those whose labor and material have enhanced the value of real estate is too well established to require discussion. While this is true, courts have generally been disposed to limit such statutes to the creation of such liens and appropriate means of enforcing them. Thus, this court, in *Manowsky* v. *Stephan,* 233 Ill. 409, held an act unconstitutional which allowed solicitor's fees to a mechanic's lienor, because it was special legislation. In disposing of that case, on page 412, this court said: "It is special legislation. It confers a right upon persons entitled to liens by virtue of the Mechanic's Lien law and confers that right upon no others. No reason exists for singling out those holding mechanics' liens and granting unto them this right, while denying it to other lienholders, such as landlords, agistors and carriers." When a situation exists in which the court would be required, under the statute in question, to determine the amount and render a personal decree therefor, the status of the claimant would be that of a simple contract creditor, for whose claim an action at law would be the appropriate remedy. The statute in question is no more or less open to constitutional objections

because it is connected, by way of amendment, with the general Mechanic's Lien law. If a statute were passed providing that simple contract creditors of a certain class might file a bill in chancery and procure a personal decree for the amount due, it could hardly be contended that such an act was not unconstitutional both because it only applied to one class of creditors and for the reason that it deprived the debtors of the right to a trial by jury. Section 5 of article 2 of the constitution of 1870, which provides that "the right of trial by jury as heretofore enjoyed shall remain inviolate," means that the right to a jury trial shall continue in all cases where such right existed at the time the constitution was adopted. The right of trial by jury in respect to matters wherein such right existed at the time the constitution was adopted cannot be taken away, directly or indirectly, by transferring the jurisdiction to try purely legal cases to a court of chancery, where, according to the usual practice, juries are not demandable as a matter of right. A party who directly invokes the jurisdiction of equity thereby waives his right to demand a jury, but such action on the part of a plaintiff cannot deprive the defendant of his right to a jury trial. (24 Cyc. 158.) It is no answer to this view to say that it is within the power of a court of chancery to grant a jury trial upon an issue so framed as to determine any matters in controversy between the parties. A jury trial is never a matter of right in a chancery proceeding except where by statute it is expressly given. True, the chancellor may submit an issue to a jury in any equity proceeding pending before him, but he is not required to do so, and his refusal, upon request for that purpose, cannot be assigned as error. But even if it be assumed that a court of equity would exercise its discretion in such way as to give the defendant a jury trial, this would not satisfy the constitutional guaranty of a right to a jury trial. A trial by a jury upon a feigned issue out of chancery differs in several important particulars from a jury trial as the same

existed under the common law at the time our constitution was adopted. The verdict in such cases is merely advisory, and the court has power to disregard the verdict and render a decree contrary thereto. Such verdict does not have the force and effect of a verdict of a jury in a proceeding at law. If error is committed in the admission or rejection of evidence or in the giving or refusing of instructions upon a feigned issue out of chancery, it is of no consequence if upon the whole record it appears that the decree was the result of the independent judgment of the chancellor upon the evidence. *Riehl* v. *Riehl,* 247 Ill. 475.

The constitutional provision relating to a jury trial does not apply to the trial of issues of fact in equitable actions. If it did, a court of equity could exercise no discretion but would be compelled to grant a jury trial, when demanded, in all cases where the same issue would be triable by a jury in a common law action. In *Barton* v. *Barbour,* 104 U. S. 126, the court, on page 133, said: "The argument is much pressed that by leaving all questions relating to the liability of receivers in the hands of the court appointing them, persons having claims against the insolvent corporation or the receiver will be deprived of a trial by jury. This, it is said, is depriving the party of a constitutional right. * * * But those who use this argument lose sight of the fundamental principle that the right of trial by jury, considered as an absolute right, does not extend to cases of equity jurisdiction. If it be conceded or clearly shown that a case belongs to this class, the trial of questions involved in it belongs to the court itself, no matter what may be its importance or complexity." See, also, 24 Cyc. 111, and cases there cited.

Under the constitution a party is entitled, as of right, to a trial by jury according to the course of the common law, and to a verdict which is not merely advisory but is binding upon the court upon controverted questions of fact. Whether the right to a jury trial exists in any given case

depends upon the nature of the controversy rather than upon the form of the action. A statute passed by the legislature of Florida in 1889 (chap. 3884) provided "that courts of chancery shall entertain suits by any person or persons claiming any timbered lands in this State to enjoin trespasses on said lands by the cutting of trees thereon or the removal of logs therefrom, or by boxing or scraping said trees for the purpose of making turpentine, or by the removal of turpentine therefrom; and in such suits the said courts shall cause an account to be taken of the damage to the complainant from any of said trespassing before or after the institution of the suit, and decree payment of the amounts shown due upon such accounting by the defendant or defendants." The title of the act was "An act to extend powers of courts of chancery." Under this statute a bill was filed for an injunction to prevent trespassing upon timber lands and for the assessment of damages for trespasses already committed. The Supreme Court of Florida, in *Wiggins & Johnson* v. *Williams,* 30 L. R. A. 754, held that that portion of the act which authorized the court to assess damages for trespasses committed upon timber lands was unconstitutional and void because it deprived the defendant of a right to a jury trial in a matter wherein such right existed at common law previous to the adoption of the constitution of that State. The constitutional provision of that State in relation to a right of a jury trial is similar to the corresponding provision of our constitution. In the course of the opinion the Supreme Court of that State said: "A principle has been established in the jurisprudence of this country that new rights unknown to the common law procedure of trial by jury may be created, and provision made for their determination in the absence of a jury, without violating the constitutional provision we are considering. But while it may be competent for the legislature to create new tribunals without common law powers to adjudicate new rights without a jury, the mere

change, in form, of an action will not authorize the submission of common law rights to a court in which no provision is made to secure a trial by jury." In the same case it is further said: "A statute in Michigan provided that any person claiming title to lands through the auditor general's deed, executed upon a sale thereof for non-payment of taxes, may file a bill in chancery to quiet his title without taking possession thereof. It was claimed that the statute gave the right to file the bill against one in possession of the land, although at the time of the adoption of the constitution under which the act was passed, trials of titles to lands were at law. It was held that the statute did not have such meaning, but if it did, the legislature was powerless to enact it. Judge Cooley, speaking for the court in *Tabor* v. *Cook,* 15 Mich. 322, said: 'The present is one of those cases where a right to a trial by jury existed when the constitution was formed, and this right must therefore remain. Whatever proceeding the legislature authorizes for the determination of adverse claims, the right of the party in possession to a jury trial must be kept in view and some mode pointed out by which he can demand it. In civil cases at law, including ejectment suits, provision is made by statute and rule whereby either party may obtain a jury; but there is no such provision for cases in chancery, and it is only in special cases, where the court desires the verdict of a jury for its own guidance, that issues in chancery can go before a jury at all. A defendant in chancery, therefore, cannot waive a jury by failing to demand it, because no mode is provided by which any such demand can be made, and a statute which should authorize a bill in the nature of an ejectment bill, without at the same time providing some means by which a jury could be had at the option of defendant, would be in palpable disregard of the provisions of the constitution which we have quoted.' "

Our conclusion is that the statute under consideration is unconstitutional because it is special legislation, and also for

the reason that it deprives a defendant of the right to a trial by jury.

The court below properly dismissed the bill for want of equity, and its decree will be affirmed. *Decree affirmed.*

FARMER and DUNN, JJ., dissenting.