# Inter Ocean Cabinet Co. et al., Defendants in Error, v. Robert J. McLaughlin, Plaintiff in Error.

## Gen. No. 16,836.

1. RES JUDICATA—*what application for judgment in mechanic's lien proceeding not.* If upon denial of a lien a motion for a judgment at law is made and denied such proceeding is not *res judicata* of a subsequent action at law inasmuch as the Supreme Court has held that the provision of the statute providing for rendition of judgment after denial of lien is void.

2. MUNICIPAL COURT—*effect of variance between statement of claim and evidence in actions of the fourth class.* In the Municipal Court no pleadings are essential and if the court has jurisdiction of the parties and of the subject-matter it may proceed to adjudicate between the parties regardless of the manner in which the claim or defense is asserted.

3. MUNICIPAL COURT—*when judgment not disturbed.* A judgment rendered by the Municipal Court will not be set aside on review if it appears that substantial justice between the parties has been done.

Error to the Municipal Court of Chicago; the HON. MAX EBERHARDT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 19, 1912.

FOSTER, PAINE, REYNOLDS & SASS, for plaintiff in error; LYMAN M. PAINE, of counsel.

JOHN A. MCKEOWN, for defendants in error.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

Upon this writ of error we are asked to reverse a judgment for $1,000 entered in the Municipal Court of Chicago against plaintiff in error, in an action of the fourth class.

It appears that defendants in error claimed to have made and installed certain drug store fixtures for Mc-Laughlin, under a written contract, in which it was

provided that payment of the $1,400, which was to be paid for the making and installing of "certain drug fixtures," should be made upon certificate of the architect. The architect certified to a total of $1,501, of which $700 had been previously paid.

Plaintiff in error contends that the evidence did not warrant the judgment; that the contract was void for uncertainty and the architect's certificate void for want of authority; and that certain proceedings theretofore had in the Circuit Court between the parties constituted a bar to the action.

It appears that prior to the beginning of this suit in the Municipal Court, defendants in error had prosecuted a bill for a mechanic's lien against plaintiff in error in the Circuit Court of Cook county, upon the same contract sued upon here. After a hearing, the court below dismissed the bill for want of equity; whereupon defendants in error moved the court to modify the decree by eliminating the portion dismissing the bill for want of equity and by rendering a decree or judgment as at law for the amount found due, even though the prayer for a lien was denied. This motion, coming on to be heard, was denied, and it is contended in the case at bar that such action constitutes a bar to this suit. Section 13 of the Statutes, Mechanic's Lien Law, provides that "in event that the court shall find in any proceeding in chancery that no right to a lien exists, the contractor shall be entitled to recover against the owner as at law, and the court shall render judgment as at law for the amount which the contractor is entitled to, together with costs, in the discretion of the court." However, the Supreme Court of Illinois has just held that this provision of the Mechanic's Lien Law is unconstitutional, because it is special legislation, and for the further reason that it deprives a defendant of the right to a trial by jury. Turnes v. Brenckle, 249 Ill. 394.

It is now well settled that in actions of the fourth class in the Municipal Court, no pleadings are essential, and if the court has jurisdiction of the parties and of the subject-matter, it may proceed to adjudicate between the parties regardless of the manner in which the claim or defense is asserted.

Notwithstanding the uncertainties of the contract as to just what it included, and without regard to the architect's certificate, which may not have been binding, it does clearly appear that some work and material were furnished to plaintiff in error, in excess of that paid for by the $700 credited; that for such additional work and material a bill claiming $700 balance on contract and $150 for extras, was furnished him and that concerning the matter McLaughlin himself testified that he made or had no objection or question either as to the contract price, or as to the extras,—and that, in fact, he did specifically order certain of the extras sued for. The question as to how much he owed defendants in error was, therefore, one of fact,—and upon this the jury and the judge below had the advantage of seeing the witnesses and hearing them testify. Under the statutes, it is expressly made our duty to affirm the judgment of the court below in cases of this class, if we find that substantial justice has been done. Being of the opinion that the judgment of the court below resulted in substantial justice between the parties, it should be affirmed.

*Judgment affirmed.*