## Anthony O'Pizzi, Appellant, v. Valley Fruit Company, Appellee.

### Gen. No. 24,437.

1. ATTACHMENT, § 295*—*when in aid quashed.* An attachment in aid is properly quashed where the statement of claim does not assert damages in excess of $20.

2. SALES, § 376*—*what is measure for breach of contract to deliver goods.* The measure of damages for breach of a contract calling for delivery of goods f. o. b. at a certain place is the difference between the contract price of such goods and the market value at such place.

Appeal from the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed January 27, 1919.

CHARLES A. BUTLER, for appellant.

MANCHA BRUGGEMEYER, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff filed a statement and affidavit of claim and also an affidavit for attachment in aid. Defendant filed its appearance for the purpose of moving to quash the writ of attachment, which motion was allowed, the writ ordered quashed, the attachment dissolved and garnishees discharged. From this order plaintiff has appealed.

We are of the opinion that the order of the trial court was proper for the reason that the statement of claim does not assert any damages in excess of $20; the indebtedness must exceed this amount to entitle a creditor to maintain attachment. Chapter 11, "Attachments," Hurd's Rev. St. sec. 1 (J. & A. ¶ 492).

The statement asserts the failure of defendant to

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

perform a contract calling for the delivery to plaintiff of a number of boxes of apples, f. o. b. cars at Walla Walla, Washington, at certain specified prices; that defendant did not deliver the apples at that point but delivered them to plaintiff at Chicago, Illinois. The only allegation of damages is a statement in dollars and cents of the value of the apples at the time they should have arrived at Chicago and a statement of their value at the time they did arrive in Chicago, and the difference between the two amounts is asserted to be the damages suffered. The proper measure of damages would be the difference between the contract price and the market price at Walla Walla, Washington; the values in Chicago are immaterial, and so much of the statement of claim is surplusage. For aught that appears in the statement, the market value of the apples when delivered on board cars at Walla Walla, Washington, may have been more than or equal to the contract price, so that at most plaintiff would be entitled only to nominal damages, if any. *Lepman & Heggie v. Inter-State Produce Co.*, 205 Ill. App. 270; *Sleuter v. Wallbaum*, 45 Ill. 43.

The statement of claim failing to assert damages in excess of $20, the order of the trial court in quashing the writ was right and the judgment is affirmed.

*Affirmed.*