DETERMINED IN THE

## SECOND DISTRICT.

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1925.

---

### John A. Dahlin, Defendant in Error, v. The Maytag Company, Plaintiff in Error.

### Gen. No. 7,469.

1. DEFAULTS—*amendment of pleading as setting aside.* Where after a *pro confesso* order has been entered against a defendant, defaulted for want of a plea or answer, the pleadings are amended in a matter of substance, the effect of such amendment is automatically to set aside the default and the order *pro confesso,* and an increase in the *ad damnum* constitutes an amendment in a matter of substance.

2. PLEADING—*necessity for rule to plead to declaration amended after default for want of a plea.* The presumption that after the service of the summons the defendant is constantly present in court and has notice of all that takes place does not dispense with the necessity of ruling defendant to plead where after default for want of a plea the declaration is amended in a matter of substance.

3. SALES—*recovery for prospective profits on nondelivery by seller.* On failure of the seller to deliver in conformity with its contract the buyer may recover for prospective profits where there is any criterion by which the probable profits may be estimated with reasonable certainty, and all that is required is that such profits be established by competent proof.

Error by defendant to the Circuit Court of Winnebago county; the Hon. E. D. REYNOLDS, Judge, presiding. Heard in this court at the April term, 1925. Reversed and remanded. Opinion filed May 28, 1925. Rehearing denied October 6, 1925.

KNIGHT & MOHR and WELSH & WELSH, for plaintiff in error.

GARRETT, MAYNARD & FELL, for defendant in error.

MR. JUSTICE PARTLOW delivered the opinion of the court.

On January 19, 1923, plaintiff in error, The Maytag Company, a corporation, through E. J. Romans, its salesman, entered into a written contract with defendant in error, John A. Dahlin, by the terms of which plaintiff in error agreed to manufacture and ship to defendant in error ''on or before January 19, 1924, 300 Maytag Gyrafoan washers, at list, less 33-⅓ per cent, less 5 per cent, less 5 per cent, f. o. b. Rockford, Illinois, one car to be shipped at once as follows: 74 Model 80—$90.25, $5,778.50; one Model 83—at once, $135.37, total $5,913.87. Terms: Sight draft, B-L attached. Remarks: In consideration of this order placed, The Maytag Company grants John Dahlin, Rockford, Illinois, exclusive agency on the Maytag line for the life of this contract in Rockford and vicinity. When the amount of machines ordered above have been taken and settled for, The Maytag Company agrees to refund to John Dahlin on the settlement of the last car, the difference between the above discounts of 33-⅓ per cent, less 5 per cent, less 5 per cent, f. o. b. Rockford, and 40 per cent, less 5 per cent, f. o. b. Newton, Iowa.'' This contract was signed by Dahlin and Romans. Up to October 15, 1923, 225 machines were received by defendant in error under the contract and paid for in full. On October 15, 1923, defendant in error claims he ordered the fourth carload of 75 machines, being the balance of the contract, but the machines were never shipped to nor received by defendant in error. It is contended by defendant in error that in December, 1923, plaintiff in error established an agency in Rockford for the sale of machines of this kind and placed in charge a relative of Maytag, and that the

establishment of this agency was the reason plaintiff in error refused to further fulfill its contract with defendant in error.

On January 8, 1924, defendant in error began an action of assumpsit against plaintiff in error to the April term, 1924, of the circuit court of Winnebago county, to recover damages for the alleged breach of this contract. The *præcipe* alleged damages in the sum of $5,000. A summons was served on plaintiff in error in which $5,000 damages were claimed. A declaration was filed February 19, 1924, with an *ad damnum* clause in the sum of $2,500. No pleas were filed by plaintiff in error during the April term, 1924, but it was not formally defaulted. The October term, 1924, continued until January 10, 1924, and no pleas were filed and no formal default was entered against plaintiff in error. On January 10, 1925, defendant in error moved the court to amend the declaration, which was granted, and the *ad damnum* clause was changed from $2,500 to $5,000. No notice of this amendment was given to plaintiff in error and it was not ruled to plead to the declaration as amended, but after the amendment was made plaintiff in error was immediately defaulted. Romans and defendant in error testified to the contract and its alleged breach.

The evidence showed that the net cost of each machine to defendant in error was $86.50; that it cost defendant in error $20 to sell each machine, and that the retail price was $150; that the loss on each of the 75 machines which were not delivered was $43.50, or a total loss of $3,262.52 on the 75 machines not shipped; that on the whole 300 machines, defendant in error was entitled to an additional 5 per cent discount which amounted to $1,145, making a total loss to defendant in error of $4,407.52, for which amount judgment was entered against plaintiff in error. On the same day that judgment was entered court adjourned for the term. To review the judgment a writ of error has been prosecuted from this court.

As grounds for reversal it is urged that the amend-ment of the declaration increasing the *ad damnum* was an amendment in a matter of substance which created in the plaintiff in error the right to plead *de novo,* and required the court, before entering a de-fault, to enter an order granting leave to plead, or to enter a rule to plead, within a certain fixed period; that it was reversible error to permit default to be immediately taken, proofs to be heard and judgment to be rendered; that the judgment is not sustained by the evidence in that there was no legal evidence sustaining the item of $3,262.50 included in the judg-ment; that in an action for a breach of a contract for failure to deliver goods or chattels at a certain place, the measure of damages is the difference be-tween the contract price of the goods and the fair cash market price at the time and place stipulated for delivery.

The first question is whether or not the judgment was properly entered.

The rule is, that where the defendant to a suit has been defaulted for want of a plea or answer and there is a *pro confesso* order entered against him, and the pleadings are subsequently amended in a matter of substance, the effect of such amendment is to auto-matically set aside the default and the order *pro con-fesso.* Increasing the *ad damnum* is an amendment of substance. Where such an amendment is made, it becomes essentially a new declaration, which the party has the right to defend. *Brown v. Smith,* 24 Ill. 197; *Gibson v. Rees,* 50 Ill. 383; *Lyndon v. Lyndon,* 69 Ill. 43; *South Chicago Brewing Co. v. Taylor,* 205 Ill. 132; *Wende v. Chicago City Ry. Co.,* 271 Ill. 437; *Meyer v. Meyer,* 255 Ill. 436.

In *Brown v. Smith, supra,* the declaration was for $500. There was a verdict for $1,131.09. After ver-dict the plaintiff entered a motion for leave to amend the declaration by increasing the *ad damnum.* The motion was granted and judgment was entered. A

motion was then made in arrest of judgment and over-
ruled. The court said:

"And by the uniform rule of practice, the court
has no power to permit an amendment in the dec-
laration, in a matter of substance, without granting
a continuance of the cause, if desired by the defend-
ant. To do so would operate as a surprise and de-
feat the object in requiring the declaration to be filed
ten days before the term. Where such an amend-
ment is made, it becomes essentially a new declara-
tion, which the party has the right to prepare to
defend. There was this material amendment to the
declaration, entitling the defendant to a continuance.
In that as originally filed, the whole claim of dam-
ages amounted to but $500, while it as amended
claimed over $3,000. When it was filed, the defend-
ant had a right to believe that no more than the dam-
ages there claimed would be insisted upon at the trial.
This amendment authorized a greater recovery, and
was as material an amendment as if there had been
added a new breach, or count in the declaration, to
make it conform to the proof. Nor has the court
any power, after verdict, to permit amendments of
substance, except upon terms of the payment of costs,
setting aside the verdict, and granting a new trial.
* * * To permit such a practice would enable a
plaintiff to claim a small amount in his summons and
declaration, and to recover a larger amount on the
trial. It may be that the appellants have a complete
defense to all the damages above $500, and may have
been induced, by no more being claimed, to make no
preparation to establish it."

Where there is an amendment to the declaration in
a matter of substance, the defendant should not be
defaulted until after he has been ruled to plead to
the declaration as amended. *Gage v. Brown*, 125 Ill.
522; *Adams v. Gill*, 158 Ill. 190; *Brown v. Tuttle*, 27
Ill. App. 389.

In *Gilbert v. American Trust & Savings Bank*, 118
Ill. App. 678, the original *ad damnum* was on a note
for $2,500. Subsequently the declaration was amended

so as to cover two other notes, and the *ad damnum* was changed to $15,000. No notice was given to the defendant of this amendment, and no rule to plead was entered against him to the amended declaration. On page 681 it is said:

"Where, however, a new substantive cause of action is set up by amendment, it has frequently been held that it is in the nature of a new suit, and for some purposes is treated as such, the commencement of which dates from the filing of the amendment and does not relate back to the bringing of the original suit. Of such new cause of action the defendant is not required to take notice until a rule to plead has been laid upon him. * * * As to the amended declaration, plaintiff in error was not in default when the judgment was taken. The plaintiff, when he filed his amended declaration was in no better position than he would have occupied if he had filed his original declaration after the commencement of the second term. In that state of the record it has been held error to render judgment by default without a rule, and service of it, requiring him to plead. *Pratt v. Grimes,* 35 Ill. 164."

Defendant in error insists that in the absence of rules of court to that effect, no special notice is required of any amendment of any part of the record of the current term, as the presumption of law is that by reason of the service of the summons the defendant is constantly present in court, and, therefore, has notice of all that takes place. In support of this contention several cases are cited. We have examined these cases and are of the opinion that the weight of authority is that where the pleadings are amended in a matter of substance that any prior default is set aside and that before judgment is entered the defendant must be ruled to plead, which was not done in this case, and for that reason the judgment was erroneously entered.

The next question is whether the evidence sustains the item of $3,262.50 included in the judgment.

The general rule is that in an action for breach of contract for a failure to deliver goods and chattels, f. o. b. at a certain place, where the purchase price has not been paid, the measure of damages is the difference between the contract price and the market price at the time and place stipulated for delivery. 2 Sedgwick on Damages, sec. 734; *Driggers v. Bell,* 94 Ill. 223; *Farson v. Buder,* 187 Ill. App. 318; *O'Pizzi v. Valley Fruit Co.,* 213 Ill. App. 162. There is, however, a well-known exception to this rule. A recovery may be had for prospective profits where there is any criterion by which the probable profits may be estimated with reasonable certainty. All the law requires is that such profits be established by competent proof.

*Van Arsdale v. Rundel,* 82 Ill. 63, was a suit to recover for the nondelivery of certain pottery at seven cents per gallon. The evidence showed that wares of that kind could not be purchased in the open market for less than ten cents per gallon, and that plaintiff had orders for 5,000 gallons at ten and one-half cents per gallon. It was held that plaintiff's damages consisted of the difference between seven cents per gallon and ten and one-half cents per gallon.

In *Barnett v. Caldwell Furniture Co.,* 277 Ill. 286, it was held that a recovery may be had for prospective profits when there are any criteria by which the probable profits can be estimated with reasonable certainty.

In *Armeny v. Madson & Buck Co.,* 111 Ill. App. 623, defendant sold plaintiff 2,000 dozen gold pens, but failed to complete his contract. Plaintiff at great expense had advertised the pens for sale, had taken orders therefor and sold the same to divers persons. Upon the failure of defendant to deliver, plaintiff was unable to purchase other pens in the open market. Under the facts proven it was held that plaintiff had the right to recover his prospective profits.

In *Black Diamond Fuel Co. v. Illinois Fuel & Phosphate Co.*, 219 Ill. App. 150, this court held that upon breach of a contract by a wholesale coal dealer to supply coal to a retailer, the latter was entitled to recover for the loss of profits on coal which the seller failed to deliver according to the contract if he was unable, by the exercise of reasonable diligence, to procure coal elsewhere to supply his customers.

In view of the fact that this case will have to be tried again we refrain from expressing any opinion as to whether defendant in error by his evidence brought himself within the rule above announced entitling him to prospective profits. We merely announce the rule applicable to the facts so that on the next trial the parties may submit their proof accordingly.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*