316

## Virginia Carnes, Appellee, v. Edward C. Carnes, Appellant.

### Gen. No. 44,108.

Opinion filed February 4, 1948.  Released for publication February 20, 1948.

John D. Vosnos, of Chicago, for appellant.

Stephen J. Sullivan, of Chicago, for appellee.

Mr. Justice Kiley delivered the opinion of the court.

This is a separate maintenance action.  The appeal is from a judgment for plaintiff for $5,410 upon a decretal provision for alimony.  Defendant has appealed.

June 12, 1939 plaintiff filed her amended complaint for separate maintenance against defendant in the Superior Court of Cook County.  She alleged among other things their marriage February 13, 1933; the birth of twins in November 1937; defendant's desertion in April 1938; defendant's commencement of a divorce action in Sangamon County, Illinois, in November 1937 before the children were born; defendant's false allegation therein that he was a resident of Sangamon County; the pendency of that suit although defendant was restrained from further action therein; and defendant's default in payment of support money and attorney's fees under a temporary order of June 17, 1938.

February 1, 1940 a "Judgment for Separate Maintenance" was entered in favor of plaintiff.  Defendant's cross-action for divorce was dismissed for want of equity.  Findings were made that both parties were residents of Cook County and had been for 5 years before the amended complaint was filed; that defendant had filed for divorce in case No. 76275 in Sangamon County; that further action in that suit had been restrained by a previous order "in this cause"; and that his allegation of residence in Sangamon County was false and an imposition upon the Sangamon County

court. It further found that plaintiff had proved her case and that defendant had introduced no evidence of the cruelty he had alleged and failed to maintain his charges of desertion and adultery. The decree awarded plaintiff custody of the children; $65 as permanent monthly alimony and $100 attorney's fees; and found an arrearage of $50 attorney's fees and $680 alimony under a previous order.

November 3, 1941 plaintiff, pursuant to leave of court, filed her amended complaint for divorce, charging desertion by defendant beginning April 1938 and praying for a money judgment for an arrearage of approximately $1,400. Defendant was not personally served under this amended complaint. In her affidavit of non-residence plaintiff stated that defendant's last known mailing address was 215 South Walnut Street, Springfield, Illinois. The certificate of the Clerk of the Superior Court shows that notice of the divorce proceeding was sent to the defendant at the Springfield, Illinois address. An order of default was entered against defendant December 19, 1941.

The next pleading in the record before us is the petition for a Money Judgment filed January 15, 1946. It recites the alimony provision of the separate maintenance decree of January 1940, the judgment thereon of November 1941 for $1,382.50 and the additional arrearage of $3,347.50. The prayer is for a Money Judgment for $4,730. Defendant presumably answered, for the record contains plaintiff's motion to strike the answer. It would appear that defendant in answering claimed that plaintiff's amended complaint for divorce "automatically" vacated the separate maintenance decree, and that in December 1940 a decree for divorce was granted him in Sangamon County Circuit Court. Plaintiff in her motion stated that the first claim was a conclusion and an insufficient defense and the latter insufficient because the record of the Sangamon County Court was not made a part of the

answer. June 27, 1946, defendant filed an amended answer denying residence in Cook County and averring residence in Sangamon County, and referring to plaintiff's affidavit giving his address in Springfield. He repeated his averment that plaintiff's divorce action vacated the previous decree and stated that no relief had been granted under her amended complaint for divorce.

Photostatic copies of the record of the proceedings of the Sangamon County Court were filed with his answer. The default divorce decree in that court in case No. 81047 found that Edward Carnes was a resident of that County and that Virginia Carnes was guilty of cruelty as charged, namely, that "she has committed oft and repeated acts of cruelty upon the plaintiff without reason or provocation." Subsequently plaintiff filed her motion to strike the answer for insufficiency. In support of the motion she filed a copy of her husband's complaint in Sangamon County, Circuit Court case No. 81047. It alleged his residence in Sangamon County, his wife's cruelty and that no children were born of the marriage.

January 14, 1947 the judgment order appealed from was entered. The court found that the allegations of cruelty alleged in defendant's cross-complaint in plaintiff's separate maintenance action were decided against, and were *res judicata* of, the allegations in defendant's complaint in the Sangamon County Court; that when defendant filed suit No. 81047 he knew of the injunction restraining him from prosecuting the like action in case No. 76725; that plaintiff's amended complaint for divorce had not vacated the separate maintenance decree; and that defendant's answer and amended answer were insufficient. Plaintiff's motion to strike was sustained and the judgment entered.

We think that the defense of *res judicata* would have been available to Virginia Carnes in the divorce action in Sangamon County, but that it is not properly

involved in this proceeding. We further think that the injunction operated against Edward Carnes and that while he may be proceeded against for contempt for violation of the injunction, the finding of the court with reference to the injunction was not relevant in this proceeding. We need not reverse a judgment for erroneous reasons if the judgment is correct.

Defendant's contention rests on the theory that the filing of the amended complaint for divorce by plaintiff, automatically vacated her earlier separate maintenance decree and that defendant's divorce decree in Sangamon County in 1940 was a complete defense to the petition for the judgment appealed from.

Plaintiff made a motion in this court to strike parts of defendant's brief which rests upon the Sangamon County divorce decree. We took the motion with the case. In support of the motion, plaintiff presented a copy of an order entered July 25, 1947 in the Sangamon County Court while this appeal was pending, setting aside the divorce decree entered in favor of Edward Carnes in 1940 for lack of jurisdiction of Virginia Carnes and fraud upon the part of Edward Carnes. No counter suggestions or objections to plaintiff's motion were filed by defendant. There is, therefore, no dispute about the fact that the order of the Sangamon County Court vacating its earlier divorce decree was entered and is in force and effect as a final order.

The rule that we cannot admit evidence in this court (*Atkins v. Atkins*, 393 Ill. 202) should not be applied to produce absurd results or injustice. *Sewell v. Johnson*, 165 Cal. 762, 134 Pac. 704; and 4 C.J.S. 1713. Should we refuse to consider the order of the Sangamon County Court presented with plaintiff's motion, we must remand the cause for the purpose of having the order introduced in evidence in the trial court. No action was taken by defendant in the instant case after the divorce decree was entered in Sangamon

County. He made no attack on plaintiff's separate maintenance decree thereafter. He was in a different position from the defendant in *Shaw v. Shaw*, 332 Ill. App. 442.

Plaintiff has attacked the affidavit of non-residence which defendant filed in the Sangamon County Court as fatally defective. To sustain her judgment against defendant's contention with respect to the automatic vacation of the earlier decree would require us to examine that affidavit. It has already been found ineffective, however, by the Sangamon County Court to give jurisdiction to that court over Virginia Carnes. We are not called upon by plaintiff's motion to consider evidence going to a question of fact in dispute as in *Atkins v. Atkins*. We are asked to consider a judicial event occurring after the instant appeal was filed which renders moot one of the contentions relied upon by defendant to defeat plaintiff's judgment. *Reynolds v. Vroom* [130 Conn. 512], 36 Atl. (2d) 22; *Sewell v. Johnson*. Our Supreme Court has held in somewhat analogous situations that appeals should be dismissed. *Jones v. Clark*, 355 Ill. 527; *Chaitlen v. Kaspar American State Bank*, 372 Ill. 83. We, therefore, consider moot the points raised by appellant based upon the divorce decree in Sangamon County.

Those points out of the case, there remains only the contention that the separate maintenance decree was vacated when plaintiff filed her amended complaint. It is our view that the court properly decided that the filing of the amended complaint for divorce did not "automatically" vacate the previous separate maintenance decree. The rule is that a substantial amendment to an original complaint, under which a default decree had been entered against defendant, vacates the previous default decree. *Gibson v. Reese*, 50 Ill. 383; *Lyndon v. Lyndon*, 69 Ill. 43; *Ruppe v. Glos*, 251 Ill. 80; *Meyer v. Meyer*, 255 Ill. 436; *Odell v. Levy*, 307 Ill. 277; *Dahlin v. Maytag*, 238 Ill. App. 85; *Lusk*

*v. Bluhn,* 321 Ill. App. 349. In *Odell v. Levy,* a supplemental bill sought to make a previous foreclosure decree and sale binding on defendants, to the supplemental bill, who had been dismissed out of the original proceeding. The broad statement on page 281 which defendant seeks to apply to his advantage here is narrowed by the court's later statements.

██ In *Gibson v. Reese,* which is the earliest and leading case, there is cited to the point *Wightman v. Powell,* 2 De Gex and Smale's Reports (English High Court Chancery p. 570); and *O'Callahan v. Blake,* 9 Irish Eq. Repts. 220. In the *Wightman* case no reason is given for the rule. In the *O'Callahan* case the reason would appear to be the giving of opportunity to the defaulted defendant to defend against the original pleading as amended if he should see fit. Courts have applied the rule to protect litigants from injustice. A defendant might see fit not to answer an original pleading and yet be anxious to join the issue in the pleading as amended, thus he is given an opportunity to meet plaintiff's entire pleading. A previous default decree must, necessarily, be vacated since the defendant could not answer while a default decree stood against him. The rule cannot be strained to accommodate the contention of defendant here. The separate maintenance decree was not *pro confesso* but was rendered upon evidence taken after defendant joined issue on the original complaint and filed the cross-complaint for divorce.

According to the record, he filed no plea or motion to the amended complaint for divorce. There is no showing that he was denied leave to do so nor a showing of prejudice suffered by him. He concedes that no relief was granted under the amended complaint.

For the reasons given, the judgment is affirmed.

*Judgment affirmed.*

LEWE, P. J., and BURKE, J., concur.