In re Dr. Robert L. JOHNSON, Dr. Henry R. Moore, Debtors.

BEVERLY BANK, an Illinois banking corporation, Plaintiff,

v.

Dr. Robert L. JOHNSON, Dr. Henry R. Moore, Defendants.

Bankruptcy Nos. 81 B 11003, 81 B 11004, 82 A 1381 and 82 A 1382.

United States Bankruptcy Court, N.D. Illinois, E.D.

Nov. 18, 1982.

appropriate to carry out the provisions of this title.

Gregory F. Smith, Coakley & Smith Chartered, Oak Lawn, Ill., for Beverly Bank.

Russel V. Sutton, Chicago, Ill., for debtors.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This cause came to be heard on the plaintiff-debtors' objection to creditor's secured status and the defendant-creditor's motion for a judgment on the pleadings in its favor. The court, being fully advised in the premises and having carefully considered the pleadings and memoranda, hereby denies the plaintiff-debtors' objection and grants the defendant's motion for a judgment on the pleadings.

The plaintiff-debtors contend that the lien granted against the debtors' beneficial interest in their land trusts was not authorized by state law and thus is unenforceable against the debtors under 11 U.S.C. Sec. 502. In the alternative, debtors contend that if Beverly's lien was properly created under state law, that, under Illinois Supreme Court Rule 304(a), the lien was destroyed when Beverly added another count and an additional defendant to its original complaint without obtaining the trial court's special findings.

Defendant-creditor (Beverly) contends that Illinois law permits a judgment creditor to acquire a lien on the beneficial interest of a land trust pursuant to a citation to discover assets proceeding, or, in the alternative, that the doctrine of res judicata bars any inquiry by a bankruptcy court into the final judgments of a state court.

## STATEMENT OF FACTS

1. On November 7, 1980, Beverly Bank (Beverly) obtained a default judgment in the Circuit Court of Cook County against Drs. Robert L. Johnson and Henry R. Moore (Debtors) for the sum of $32,649.01.

2. On May 31, 1981, Beverly filed a Citation to Discover Assets against the debtors and their respective land trusts. At the conclusion of the citation examination and after argument, Beverly was granted a lien against the debtors' beneficial interest in their land trusts for $32,649.01 plus costs and accrued statutory interest.

3. Beverly then filed a complaint to foreclose upon the judicial lien. In his answer, Dr. Moore admitted the existence of the lien.

4. On September 8, 1981, debtors filed petitions for relief under Chapter 13 of the Bankruptcy Act.

5. On December 28, 1981, Beverly filed a proof of claim, asserting secured status by virtue of the above-mentioned lien.

6. On January 28, 1982 Beverly, by order of the state court judge amended its complaint in the state case to add a third count against Plano Child Development Center, Inc., a not-for-profit corporation. Plano had not been a defendant in that action until that time.

7. On April 15, 1982, debtors filed adversary complaints in this proceeding seeking to have Beverly's liens declared wholly unsecured based on 11 U.S.C. Sec. 502 which disallows liens which are unenforceable under state law.

8. On August 5, 1982, Beverly filed its answer to debtors' objection to Beverly's secured status and a motion for judgment on the pleadings.

## DISCUSSION

Rule 12 of the Federal Rules of Civil Procedure provides that, if on a motion for judgment on the pleadings, matters outside the pleadings are presented to and are not excluded by the court, the motion shall be treated as one for summary judgment as provided in Rule 56. Rule 56 of the Federal Rules of Civil Procedure provides the standards when it is proper to render a summary judgment. Rule 56(c) states that "the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

While plaintiffs' and defendant's recitation of the facts are not identical, no material controversy over them exists. Therefore, summary judgment is proper, based on a resolution of the following questions of law:

1. Whether or not a valid lien was created on debtors' personal property pursuant to a state citation to discover assets proceeding.

2. Whether or not the citation to discover assets proceeding was void because Beverly failed to obtain written findings that the default judgments were enforceable.

3. Whether or not defendants' amendment was substantial, thus operating to vacate the default judgments entered against plaintiffs.

Debtors contend that neither Illinois statutes nor Illinois case law permits the creation of a judicial lien on personal property by way of a citation proceeding. Thus, debtors' claim, Beverly's lien is void and, under 11 U.S.C. 502(b)(1), Beverly's lien would be unenforceable against the debtors. Debtors, however, merely recite Ill.Rev. Stat., ch. 110, Sec. 73 to support their position. Apparently, debtors are relying on the fact that Sec. 73 does not specifically use the precise wording "personal property" when listing items upon which liens may be had. However, in *Vendo Company v. Stoner,* 7 B.R. 240 (Bkrtcy.N.D.Ill.1980), this court held that the citation to discover assets procedure compels the application of the assets discovered to the satisfaction of the judgment by creating a lien upon... intangible personal property.... In its decision, this court cited *Levine v. Pascal,* 94 Ill.App.2d 43, 236 N.E.2d 425 (1968), which clearly indicated that a citation to discover assets creates a lien which attaches to any personal property discovered pursuant to the citation. *Vendo* also cited *Asher v. United States,* 570 F.2d 682 (7th Cir.1978), which, in dicta, stated:

> It is also indisputable that a lien is created... upon intangible personal property by instituting a proceeding to discover assets under Ill.Rev.Stat., ch. 110, Sec. 73.

■ Debtors state they are aware of the *Vendo* decision, but disagree with this court's holding. Debtors claim the decision is inconsistent with Illinois law, yet offer no case law to support their position. In view of debtors' failure to persuade otherwise, this court holds that the judicial lien obtained by Beverly pursuant to the citation to discover assets proceeding is valid against the personal property (land trusts) of the debtors.

■ Debtors' alternative contention, that Beverly's lien was destroyed when Beverly

amended its complaint to add an additional party and claim, also fails. Debtor reasons that pursuant to Illinois Supreme Court Rule 304(a), a judgment against fewer than all parties or claims in a multiple parties and claims proceeding cannot be enforced without a special written finding·by the trial judge that there is no reason for delaying enforcement or appeal. Debtors' reliance on Supreme Court Rule 304, however, is misplaced because Rule 304 is directed solely to the appealability of a final judgment when fewer than all the rights or liabilities in an action have been resolved. Rule 304 calls for an express, written finding by the trial court that there is no just reason for delaying enforcement or appeal of a judgment regarding a particular party or claim in an action. Since the judgment order of November 7, 1980 disposed of the entire controversy, Rule 304(a) is not applicable.

Debtors also cite *Cochran v. Howell,* 46 Ill.App.2d 304, 197 N.E.2d 87 (1964) as authority for the proposition that the citation proceedings held pursuant to said judgments are void because the default judgments were unenforceable for lack of written findings. In *Cochran,* two plaintiffs sued a defendant for conversion. A judgment order was entered for one plaintiff, but it did not mention or dispose of the claim of the other. The first plaintiff initiated supplementary proceedings to require the defendant to satisfy the judgment order. Pursuant to an order to the defendant at the supplementary proceedings, defendant appealed. The appellate court held that the judgment order adjudicated fewer than all claims, rights and liabilities of less than all the parties, and since there was no special finding that there was no just reason for delaying enforcement or appeal, the execution and supplemental proceedings should not have been commenced.

In the present case, however, the default judgments were entered against *both* Drs. Moore and Johnson. All claims, rights and liabilities of all the parties were adjudicated; there was no reason for the court to make special findings before execution and supplementary proceedings commenced.

Thus, the citation proceedings held pursuant to the default judgments were not void.

Finally, debtors assert that Beverly's act of amending its complaint to add another defendant and count eight months after the citation examination converted the state court case into a multiple parties and a multiple claims proceeding. Debtors claim that the amendment was thus a substantial amendment which operated to vacate the default judgment.

> The rule is that where a defendant to a suit has been defaulted for want of a plea or answer and there is a *pro confesso* order entered against him, and the pleadings are subsequently amended in a matter of substance, the effect of such amendment is to automatically set aside the default and the order *pro confesso. Dahlin v. The Maytag Co.,* 238 Ill.App. 85, 88 (1925)..

An amendment of a complaint after a default has been taken which introduces a new cause of action or goes to the substance of the pleading operates to open the default. I.L.P. Judgments, Sec. 254.

Debtors rely on *Swords v. Risser,* 55 Ill. App.3d 676, 13 Ill.Dec. 487, 371 N.E.2d 182 (1977), in which the court held that a substantial amendment to a complaint under which a default judgment was entered operated to vacate the default judgment. In *Swords,* plaintiff sued to foreclose on a mechanic's lien, .and upon receiving a default judgment and lien on defendant's property, plaintiff attempted to amend his relief from the lien to a personal money judgment. This amendment was denied because it was a substantial amendment which would have enabled the plaintiff to sue on the contract, not on the lien, and would have deprived the defendant of the right to a trial by jury.

Similarly, in *Klehm v. Klehm,* 41 Ill. App.2d 423, 191 N.E.2d 69 (1963), plaintiffs who had received a default judgment later amended their complaint as to the legal description of the property. The amendment described real estate about ten times the size contained in the original complaint.

The appellate court disallowed the amendment holding that it was relief beyond that sought in the original complaint and that the subject matter of the new suit was a new and different res. Fundamentally and basically, it was a new suit affecting different property of a different value. The basis for the *Klehm* holding was Ill.Rev.Stat., ch. 110A, Sec. 105 which provides for notice to a defendant when additional relief against a party in default is requested. This notice gives the defaulted defendant an opportunity "to defend against the original pleadings as amended if he should see fit...." *Carnes v. Carnes,* 333 Ill.App. 316, 77 N.E.2d 341 (1948).

In the present case, Beverly amended its complaint to add a new count, Count III, and a new party, Plano. However, the amendment did not seek new or additional relief from either Dr. Johnson or Dr. Moore, nor was a new cause of action introduced against the debtors. Therefore, the judgments entered against Drs. Moore & Johnson on November 7, 1980 were not vacated on the debtors' theory that the addition of a new count and party was a substantial amendment causing the default judgments to be vacated. Since the judgments were not vacated, Beverly's liens against Drs. Johnson and Moore remain valid.

## CONCLUSION

A valid lien was created on debtors' personal property (the land trust) pursuant to the Citation to Discover Assets proceeding. No special findings were required by Beverly prior to the Citation proceeding because the default judgments entered against the debtors adjudicated all the rights and liabilities of all of the parties in the suit. Further, the default judgments entered against debtors were not vacated by Beverly's amended complaint because a new cause of action was not introduced nor was additional relief sought from the debtors.

WHEREFORE, IT IS HEREBY ORDERED that defendant's (Beverly's) motion for a judgment on the pleadings is granted.