CATHARINE MᴄCARTHY *et al.*

*v.*

PETER NEU *et al.*

1. MECHANIC'S LIEN—*cross-bill for damages not allowed.* The owner of the building against which a mechanic's lien is sought to be enforced has not the right to file a cross-bill against the petitioner for the purpose of procuring a personal decree against him for damages for delay in the work, and to have certain suits at law growing out of the building contract enjoined. If the lien is defeated, which can be done by answer, the petition must be dismissed and the party remitted to his action at law.

2. The remedy to enforce a mechanic's lien is purely statutory, and nothing can be adjudicated under this proceeding except the existence and amount of the lien. If no lien exists, that ends the case, and the parties must seek their remedy, if any, at law.

APPEAL from the Superior Court of Cook county.

Messrs. GOOKINS & ROBERTS, for the appellants.

Messrs. COOPER, GARNET & PACKARD, for the appellees

Mr. Justice Scott delivered the opinion of the Court:

This was a petition under the statute, to enforce a mechanic's lien against the property described in the petition. Incidentally to the principal relief sought, it was alleged the building contract had been left by the parties with the architects, and that defendants had taken it away, and refused to allow petitioners to see or use it; that it was necessary, to maintain this proceeding as well as a common law suit between the parties, that it should be produced, and the petition contained a prayer that defendants be compelled to produce the contract.

Defendants filed an answer, in which they denied the principal allegations of the petition, and further allege they have sustained damages, in amount greatly in excess of any sum due petitioners, by reason of the non-completion of the building within the time specified in the contract. They also filed a cross-bill, or petition, in which they recite the principal facts stated in the answer, and seek to have a personal decree in their favor against petitioners for the damages by them sustained in excess of any amount due them under the contract, and also ask to have the common law suit commenced against them by petitioners to recover the balance due under the contract enjoined. By an amendment, they further allege that another firm, who had a contract on the building, claimed to have sustained damages by reason of being hindered in their work, and had commenced suit against defendants, and that if any delay was suffered, it was caused by the wrongful conduct of petitioners in failing to comply with their contract; that petitioners had procured an assignment to themselves of the claim, and were now prosecuting the suit previously commenced, for their own benefit, and asked to have that suit also enjoined. A demurrer to the cross-bill having been filed, it was by the court sustained. Thereupon, defendants asked leave to further amend their cross-bill—in substance, that since filing it, the action at law commenced by petitioners had been tried and judgment rendered for petitioners, and that

before the trial came on they offered to plead and set up by way of defence the damages by them sustained by reason of the wrongful conduct of plaintiffs against their supposed claim; that objections were made by plaintiffs, and no part of their claim for damages was submitted, passed upon or in any manner adjudicated in that action.

Proceedings to establish a mechanic's lien are against the property to be affected. Such proceedings are strictly statutory, and, without the aid of the statute, can not be maintained. Whatever defence defendants have may be made on the answer, and whatever defeats the lien, puts an end to the whole proceeding, and the petition must be dismissed. In case it shall appear petitioners are entitled to no lien to be enforced against the property, they will be entitled to no relief whatever. The parties will be remitted to their appropriate action at law.

It is not denied, if any defence exists, defendants, on their answer, could defeat the lien sought to be enforced against their property. The object of what is termed a cross-bill, here, is not alone to defeat the lien which petitioners are endeavoring to establish, but to have a personal decree against petitioners for the damages they say they have sustained by reason of the non-fulfillment of the building contract, and to have certain suits pending at law, growing out of the same subject matter, perpetually enjoined. This we do not think can be done. The defence to the common law actions, whatever it may be, can be made in the court where the same are pending, and there can be no reason for assuming jurisdiction on that ground.

A majority of the court are of opinion the demurrer was properly sustained, and the leave asked to further amend the cross-petition rightfully denied, in the discretion of the court.

The decree will be affirmed.

*Decree affirmed.*