OLIVER B. GREEN

*v.*

ELISHA C. SPRAGUE *et al.*

*Filed at Ottawa May 12, 1887.*

1.  MECHANIC'S LIEN—*personal decree—to what extent allowable—and when not permissible.* It is error to render a personal decree in a proceeding to enforce a mechanic's lien, against the defendant or party with whom the contract was made, except for such deficiency of the debt as may remain after sale of the property burdened with the lien.

2.  Where property, however, becomes divested of a mechanic's lien by reason of a sale under a prior incumbrance, so that it can not be sold to satisfy the mechanic's demand against his employer, no decree should be entered except for the dismissal of the petition. In such case it is error to render any decree against the party for whom the work was done or materials furnished.

3.  SAME—*cut off by sale under prior lien.* Where a contract is made with the owner of real estate for the furnishing of materials and labor to improve the property, pending a bill to foreclose a prior mortgage on the same premises, a decree and sale under the bill will cut off all rights of the mechanic or material-man for a lien.

APPEAL from the Appellate Court for the First District;— heard in that court on writ of error to the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Messrs. MILLER, LEMAN & CHASE, for the appellant:

We are aware that the jurisdiction to award an execution depends upon sustaining the lien, and that it should be for the deficiency after the lien is exhausted. The existence of the lien is a jurisdictional necessity to the right to pursue this remedy. Sprague had an estate in the premises when the contract was made and the suit was brought. We were then entitled, as against Sprague, to a sale of that interest. But as a sale of his interest would have realized nothing, the law did not require it. The law may consider such sale as made, for the purpose of awarding execution for the whole

sum due. The deficiency is for the whole amount. *Land Co.* v. *Peck,* 112 Ill. 408.

The prayer of the petition was sufficient for any relief which the allegations and proof showed the petitioner was entitled to. *Stanley* v. *Valentine,* 79 Ill. 544; *Isaac* v. *Steel,* 3 Scam. 97; *Conger* v. *Benny,* 84 Ill. 600; *Vansant* v. *Allman,* 23 id. 30.

The Appellate Court erred in not sustaining the errors assigned by appellant in the decree of the Superior Court, and in not sustaining our lien upon the building, as against the mortgagee and the purchaser, under the decree of foreclosure. Rev. Stat. chap. 82, sec. 17.

Mr. I. K. BOYESON, for the appellees:

It is error to order an execution, in the first instance, in a mechanic's lien proceeding. Rev. Stat. chap. 82, sec. 25; *Baptist Church* v. *Andrews,* 87 Ill. 172; *Bouton* v. *McDonough County,* 84 id. 384; *Davis* v. *Life Ins. Co.* id. 508.

Where the complainant is not entitled to a lien, he can not obtain a judgment on the *quantum meruit,* in chancery. *McKinney* v. *Springer,* 6 Blackf. 511.

Execution in a mechanic's lien proceeding can only be ordered against such persons as would be liable in an action at law. *Race* v. *Sullivan,* 1 Bradw. 96.

A party can not obtain relief not prayed for,—he can only get relief according to the scope of his own bill. *Kellogg* v. *Moore,* 97 Ill. 282; *Belanger* v. *Hershey,* 90 id. 70; *Race* v. *Sullivan,* 1 Bradw. 96.

Where the basis of jurisdiction is discovery, or any other specific jurisdictional averment, if the jurisdictional averment is not proven, relief can not be granted. Story's Eq. Jur. (Redfield's ed.) sec. 690, p. 663; *Fire Ins. Co.* v. *First Nat. Bank,* 1 Bradw. 357.

Messrs. ISHAM & LINCOLN, also for the Insurance Company and Jacob L. Green.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This proceeding was to establish a mechanic's lien in favor of certain parties, against property described in the original petition. Prior to the making of the contracts out of which it is said the liens arose, there had been a mortgage on the premises. Proceedings to foreclose the mortgage were pending in the United States District Court at the time of the making of the contracts with the mortgagor, although it does not appear any decree in the foreclosure suit had been rendered at the time the petitions herein were filed. Afterwards, in pursuance of the decree rendered, the premises were sold, and purchased by one of defendants, perhaps for the mortgagee, and who was in possession prior to the rendering of the decree in the mechanic's lien cases in the Superior Court. It will be noticed, the court found the premises on which the improvements for which a lien is claimed, had passed, under the mortgage sale, to the purchaser then in possession, and there was therefore nothing to which, or upon which, a lien in favor of the mechanics and material-men could attach or be established, and for that reason dismissed the original and intervening petitions as to the parties claiming to own the premises under the mortgage sale. But the court found the several amounts due to each of the parties that had done work and furnished materials to the party alleged to have an interest in the premises, and with whom the contracts had been made, and on so ascertaining the several amounts, rendered a personal decree against him for the same, and awarded execution. Afterwards, Sprague, the party having the improvements made, filed the record in the Appellate Court, and assigned errors upon the same, the principal one of which is, the Superior Court erred in ordering an execution against plaintiff in error in the first instance, in a case where no sale could be made and where no deficiency would remain. Upon the same record, Green, an intervening petitioner, assigned cross-errors, to the effect

the court erred in dismissing his petition for want of equity as to the defendants, the Connecticut Mutual Life Insurance Company and Jacob L. Green, the parties claiming the property as absolute owners under the sale made under the decree of the United States District Court. The Appellate Court reversed the decree of the Superior Court, and rendered a judgment that Sprague recover his costs of Green, the party who had assigned cross-errors on the record, and that he have execution therefor. Green brings the case to this court on appeal.

The decision of the Appellate Court reversing the decree of the Superior Court, as to Sprague, was clearly right, on the authority of *Bouton* v. *McDonough County*, 84 Ill. 384. It was said in that case: "The statute does not contemplate that there shall be any such thing as a personal decree alone. The decree rendered may operate as such, so far as respects any deficiency, after there has been a sale upon execution of the property subject to the lien, and it fails to satisfy the amount found due. The statute, by all its provisions, is only intended to apply and have operation as respects property which may and is to be sold on execution." The same doctrine is declared in *Baptist Church* v. *Andrews*, 87 Ill. 172. These cases are conclusive on the analogous question involved in this case. The Superior Court found the property was not subject to the lien of the mechanics and material-men, and assuming that finding to be correct, it should have dismissed the petitions. Under the statute, the court had no rightful authority to render a personal decree against the party with whom the contracts were made, in favor of the mechanics and material-men.

It is said, it was error in the Appellate Court not to sustain the lien claimed by Green upon the building, as against the Connecticut Mutual Life Insurance Company and Jacob L. Green. That was one of the cross-errors assigned by him on the record of the Superior Court. The point discussed can

hardly be considered an open question, since the decision of this court in *Davis* v. *Connecticut Mutual Life Ins. Co.* 84 Ill. 508. The facts in the present case are essentially the same as in that case. It was there said: "The contract was made subject to the contingency, a bill being pending, of the decree that may be passed,"—and the conclusion reached was, the decree and the subsequent sale cut off all rights claimed by the mechanics under their petition for a lien. So nearly analogous are the cases, the one in hand must be controlled by the former case.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*