## John Novak, Defendant in Error, v. Johanna Kruse, Plaintiff in Error.

### Gen. No. 23,539.

1. MECHANICS' LIENS, § 206*—*unconstitutionality of provision for recovery as at law against property owner where no right of lien exists.* Section 13 of the Mechanics' Liens Act (J. & A. ¶ 7151), providing that in the event the court finds that no right to a lien exists recovery may be had against the owner of the property as at law, is unconstitutional as class legislation and as depriving the defendant of the right to a trial by jury in what amounts to an action at law.

2. MECHANICS' LIENS, § 207*—*when money decree against property owner is null and void.* A money decree against the owner of property in a proceeding under section 13 of the Mechanics' Liens Act (J. & A. ¶ 7151), providing that in the event that the court finds that no right to a lien exists recovery may be had against the owner of the property as at law, is null and void, since the statute is unconstitutional.

3. MECHANICS' LIENS, § 207*—*when money decree is improper.* A court, in a mechanic's lien proceeding, has no jurisdiction of the subject-matter where there is no right to a lien, and it has no authority to enter a money decree against the defendant.

4. JUDGMENT, § 360*—*when may be collaterally attacked.* Courts

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

are limited in the scope and character of their judgments and decrees, and, if they transcend their powers, their judgments and decrees are void and may be collaterally attacked.

Error to the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed May 14, 1918.

ROY C. MERRICK, for plaintiff in error.

EDWARD J. NOVAK, for defendant in error.

MR. JUSTICE McDONALD delivered the opinion of the court.

This writ of error brings up for review a decree granting the relief sought by complainant in his bill of complaint.

The bill was filed March 11, 1904, John V. Ayers, Johanna Kruse and others being named therein as parties defendant. It sought to revive and then to foreclose a certain trust deed conveying a certain lot therein described, executed on January 15, 1900, by the said Ayers to one Panoch as trustee for the Bohemian-American Building & Loan Association, a corporation; to set aside a release thereof dated July 25, 1902; and to set aside and to remove a cloud on complainant's title to the said lot. Issue having been joined, the cause was referred to a master in chancery, who after a full hearing recommended that a decree be entered in accordance with the prayer of the bill of complaint, pursuant to which the court entered the decree herein complained of.

On January 15, 1900, the said Ayers, being then the owner of the said lot, together with certain other real estate not here involved, executed the aforesaid trust deed to secure payment of his note of even date therewith, in the sum of $4,000, payable to the order of the said association. On January 30, 1900, Alva M. Johnson and Charles M. Whitehead recovered a judgment for $91.84 against the said Ayers, upon which execu-

tion was duly issued. On May 8, 1900, there was filed for record in the office of the recorder of Cook county, a quitclaim deed from the said Ayers to the said association, conveying the lot in question, which said deed bore date January 15, 1900. Some time during the year 1900 the said association took possession of the said lot, completed an unfinished building thereon, and remained in possession thereof until July, 1902, during which period it collected and retained the rents therefrom. On November 5, 1900, one Theodore N. Bell, commenced proceedings to enforce a mechanic's lien on said premises, and on June 5, 1901, obtained a money decree for $432.50 against the said Ayers.

On July 22, 1902, the said association sold and conveyed to the complainant, by warranty deed, the property in question, for the sum of $4,200, of which $1,000 was paid in cash and the remainder ($3,200) by a credit due complainant from the said association. On July 25, 1902, said association executed a release of the trust deed in question. On September 30, 1902, the said lot and certain other property not here involved were sold by the sheriff of Cook county on an execution issued on the Johnson and Whitehead judgment hereinabove referred to. On December 30, 1903, execution was issued on the Bell decree, and thereupon redemption was made by the said Bell from the sale of the premises under the said Johnson and Whitehead judgment. Subsequently the said premises were resold under the said Bell decree, and on January 20, 1904, a sheriff's deed was issued to the purchaser at the resale, who subsequently conveyed to the defendant herein.

The paramount question presented here for determination is, whether or not the said Bell was entitled to a money decree against the said Ayers, in a proceeding brought under section 13 of the Mechanics' Liens Act, ch. 82, Rev. St. Ill. (J. & A. ¶ 7151), which said section provided that in the event the court found that no right to a lien existed, recovery against the

owner of the property could be had as at law. This provision was held unconstitutional in *Turnes v. Brenckle,* 249 Ill. 394, upon the grounds (a) that it constituted class legislation, and (b) that it deprived the defendant of the right to a trial by jury, in what amounted to an action at law. It follows therefore that the decree in question is null and void; and defendant's claim to the said premises being predicated upon this decree, is likewise void, constituting a cloud on complainant's title.

It is insisted by the defendant that the said decree was not subject to collateral attack, for the alleged reason that the court had jurisdiction of both the parties and the subject-matter.

If, under any circumstances, the trial court had authority to enter the decree complained of, then it had jurisdiction of the subject-matter, otherwise not. (*O'Connor v. Board of Trustees,* 247 Ill. 54.) In the instant case, the court had no authority to enter a money decree against the defendant in any event, in a mechanic's lien proceeding, and hence, under the holding in the *O'Connor* case, *supra,* it had no jurisdiction of the subject-matter. And it has been also held that although the court may have jurisdiction of the subject-matter of and the parties to a cause, its decree or judgment may nevertheless be collaterally attacked where it has exceeded its jurisdiction in entering same. Courts are limited in the scope and character of their judgments and decrees, and, if they transcend their power, their judgments and decrees are void and hence may be collaterally attacked. *Great Western Tel. Co. v. Barker,* 56 Ill. App. 402; *United States v. Walker,* 109 U. S. 258.

Defendant has attacked the decree on other grounds, but inasmuch as he has no interest in the subject-matter of the suit, he cannot be heard to further question the said decree. Accordingly it will be affirmed.

*Affirmed.*