Standard Oil Company, Appellee, v. Kapschull, Davis Company, Inc. et al. Columbia Casualty Company, Appellant.

Gen. No. 8,496.

Opinion filed March 12, 1934. Rehearing denied and modified opinion filed August 1, 1934.

CASSELS, POTTER & BENTLEY, for appellant; RALPH F. POTTER, GEORGE C. BUNGE and RAYMOND W. HAMILL, of counsel.

BARR & BARR, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court. This cause comes to this court upon an appeal from a decree of the circuit court of Will county, awarding appellee a lien in the amount of $1,706.96 upon moneys due from the State of Illinois upon a contract for the construction of section 145 of State Highway Route 176 in Lake and McHenry counties.

Upon the hearing, the parties stipulated that on October 22, 1928, Kapschull, Davis Company entered into a contract with the State of Illinois to construct said section for a consideration of $162,672.91, and at that time Kapschull, Davis Company, with the Columbia Casualty Company, appellant, as surety, gave a bond to the State for the contract price of said improvement; that on October 30, 1928, Kapschull, Davis Company commenced work under said contract and completed it on or about October 30, 1929; that on July 1, 1929, the contractor, Kapschull, Davis Company, entered into an oral contract with Edward J. Peacock, doing business under the name of Peacock Cartage Company, to haul mixed batches of concrete and various other materials from certain points to the place of construction, Peacock to receive therefor a stated price per batch or load; that on August 1, 1929, Peacock entered into a verbal contract with appellee, whereby appellee agreed to furnish to Peacock such quantities of grease, oil and gasoline as Peacock might require in the operation of his trucks and that these commodities were so furnished and that $1,541.57, together with interest thereon, remains due and unpaid appellee therefor. It was further stipulated that proper statutory claims were duly filed by appellee and the only questions presented for determination upon this record are first: whether appellee is entitled to a lien under section 23 of the Liens Act, Cahill's St. ch. 82, ¶ 23, upon the money due under the contract which was originally entered into by the State of Illinois and Kapschull, Davis Company; second: whether the amount due appellee bears interest; and third: whether appellant, the Columbia Casualty Company, is liable on its bond in this proceeding.

First: Section 23 of chapter 82, Cahill's Illinois Revised Statutes, ¶ 23, in force at the time of these transactions, provided, among other things, that any

person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor having a contract for public improvement for the State, may have a lien on the money, bonds or warrants due or about to become due such contractor under the contract.

Appellant contends that the statute expressly restricts the right to a lien to persons furnishing material directly to the principal contractor and does not include appellee who furnished materials to a subcontractor. On the other hand, it is the contention of appellee that the provisions of the statute are broad enough to include one who furnished lienable materials indirectly to the original contractor by furnishing the same to a subcontractor.

In *Alexander Lumber Co. v. Coberg,* 356 Ill. 49, our Supreme Court had under consideration the construction of the first paragraph of this same section 23 which provides that any person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor having a contract for public improvement for any county, township, school district, city or municipality in this State shall have a lien on the money, bonds or warrants due or to become due such contractor under such contract. In that case it appeared that contracts for the construction and erection of two school buildings had been entered into by and between the Board of Education of School District No. 46 in Du Page county and John C. Coberg. Subsequently Coberg sublet a portion thereof to one McDonald and he in turn contracted with the lumber company for certain materials which went into the construction of the buildings and the lumber company sought to enforce a lien for the balance due on its contract. In sustaining the decree of the circuit court, which denied a lien to the lumber company, the Supreme Court said: ''By reference to the relevant part of section 23, we find that the legislature has specifically mentioned

only three parties: First, the municipality; second, the contractor; and third, the 'person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor having a contract for public improvement,' etc. Nowhere does a pertinent part of the section contain any language including materialmen, such as were the appellees here, who furnished materials to a subcontractor. The language used by the legislature is plain, specific, and not all-inclusive. Under the authorities cited, and the well known rule that the expression of one thing is the exclusion of all others, this court has no right to read into this section words not found therein.''

In the instant case the pertinent provisions of section 23 are identical with those provisions of the same section which the court construed in the *Alexander Lumber Co.* case, *supra,* and while it is true that appellee furnished lienable materials to Peacock, a subcontractor, with the knowledge and consent of the original contractor and notwithstanding these materials were used and consumed in the making of a public improvement and helped bring it to a satisfactory completion, still the statute says that in order to have a lien therefor, such materials must be furnished to the contractor. Appellee was not, therefore, entitled to a lien and the chancellor erred in not so holding.

The second and third questions may be considered together. The decree of the lower court found that the contractor had assigned to the casualty company all moneys due it from the State under its contract and provided that in the event the sum found due complainant, which included $165.39 interest, was not paid within 30 days, then the Director of the Department of Public Works and Buildings shall pay the same, provided there is a sufficient amount available therefor and that if the money in the hands of the Director of the Department of Public Works and Buildings is

insufficient to pay the amount found due complainant, "that the complainant report and make proof to this court the amount of such deficiency, and on the coming in and confirmation of this report, the court shall thereupon adjudge the amount decreed to be paid by the said Kapschull, Davis Company, Inc. and said Columbia Casualty Company, the court hereby ordering, adjudging and decreeing that the terms of said bond of the said Kapschull, Davis Company, Inc., and said Columbia Casualty Company include the payment of the lien hereby established, . . . that the complainant report to this court as soon as practicable, the amount of such deficiencies, if any, and the court hereby retains jurisdiction of this cause for the purpose of ascertaining such deficiencies if any, and entering such orders or decrees relative thereto as equity may require."

The surety bond was in the sum of $162,672.91, and recited the award of the contract to Kapschull, Davis Company, Inc., and the execution by it of a written contract with the State of Illinois, acting through the Department of Public Works. The condition of the bond was that the contractor shall hold the People of the State of Illinois and the Department of Public Works and Buildings harmless and shall perform the work according to the terms of the contract and should pay all sums of money due for any labor, material, apparatus, fixtures or machinery furnished to them for the purpose of such construction or improvement.

Appellee insists that Peacock could have maintained a suit upon this bond, that the provisions of the bond are for the benefit of appellee, who furnished material to Peacock, the subcontractor, and that even though no lien exists in favor of appellee, still that portion of the decree above referred to with reference to the liability of appellant, the surety company, should be sustained. In this connection, appellee calls

our attention to the case of *United States for the use of Hill v. American Surety Co.*, 200 U. S. 197, 50 L. Ed. 437. In that case it appeared that the beneficial plaintiff had entered into a contract with the Richard Manufacturing Company to do certain painting provided for in a contract theretofore entered into by the New Jersey Foundry and Machine Company with the United States, this company having sublet a portion of its contract to the said Richard Manufacturing Company. The condition of the bond sued on was that the New Jersey Foundry and Machine Company would faithfully perform its contract with the United States and make full payments to all persons supplying it labor or materials in the prosecution of the work provided for in the contract. The lower court sustained a demurrer to the petition and the Supreme Court in reversing that judgment, stated that neither the statute under the provisions of which the bond was given, nor the bond itself contained any language limiting the right of recovery to only those who furnished material or labor directly to the contractor, but that all persons supplying the contractor with labor or materials in the prosecution of the work provided for in the contract were protected, that if the contractor sees fit to let the work to a subcontractor who employs labor and buys materials which are used to carry out and fulfil the engagement of the original contract to construct a public building, he is thereby supplied with the materials and labor for the fulfillment of his engagement as effectually as he would have been had he directly hired the labor or bought the materials and that the labor and materials furnished by the beneficial plaintiff were therefore within the obligation of the surety company on the bond. This holding is not authority for the proposition that in this proceeding the lower court, even though a lien be denied appellee, should have determined the rights of appellee upon the bond

executed by appellant. The statutory relief sought by appellee cannot be granted because under the construction of the statute as adopted in the *Coberg* case, *supra,* one who furnishes supplies to a subcontractor is not entitled to a lien upon the funds in the hands of the state. This relief having been denied appellee, all that was left to be ascertained and adjudicated were legal rights and the lower court erred in not dismissing the bill and leaving appellee to pursue his legal remedies.

Independent of any statute, a personal decree is not authorized in this State where an unsuccessful effort to establish a lien has been made. *Turnes v. Brenckle,* 249 Ill. 394. In that case the court had under consideration an amendment to section 13 of the Liens Act as it then existed. This amendment, effective July 1, 1903, provided as follows: ''And in event that the court shall find, in any proceeding in chancery, that no right to a lien exists, the contractor shall be entitled to recover against the owner as at law, and the court shall render judgment as at law for the amount which the contractor is entitled to, together with costs in the discretion of the court.'' Cahill's St. ch. 82, ¶ 13 (Hurd Statutes, 1903, chapter 82, sec. 13). In the course of its opinion the court said that this amendment was manifestly intended to give the court the power to enter a personal decree under circumstances where no such power existed before. In holding the amendment unconstitutional because it was special legislation and deprived a defendant of the right to a trial by jury, the court said: ''If a statute were passed providing that simple contract creditors of a certain class might file a bill in chancery and procure a personal decree for the amount due, it could hardly be contended that such an act was not unconstitutional both because it only applied to one class of creditors and for the reason that it deprived the debtors of the

right to a trial by jury. . . . The right of trial by jury in respect to matters wherein such right existed at the time the constitution was adopted cannot be taken away, directly or indirectly, by transferring the jurisdiction to try purely legal cases to a court of chancery, where, according to the usual practice, juries are not demandable as a matter of right. A party who directly invokes the jurisdiction of equity thereby waives his right to demand a jury, but such action on the part of a plaintiff cannot deprive the defendant of his right to a jury trial."

It is insisted that a court of equity having obtained jurisdiction in this case will retain it in order to do complete justice between the parties, that appellant submitted itself to the jurisdiction of the trial court without insisting that appellee had an adequate remedy at law, and therefore that portion of the decree of the lower court fixing the liability of appellant upon its bond should be affirmed.

The answer of appellant, after admitting the execution of the contract and bond and that the contractor had assigned to it all moneys remaining due from the State of Illinois on account of said contract, averred that other claims had been made upon that fund, and that it is interested in seeing that said fund is employed only in the payment of valid lien claims. There are no allegations in the bill which can be said to appeal to the conscience of a court of equity. Appellee sold nothing to the original contractor and had no dealings with it. The original contractor completed his contract with the State. Peacock was a subcontractor and he, in turn, entered into a contract with appellee. There was no privity of contract between appellee and the original contractor and appellee not being entitled to a lien, the decree should have so found and dismissed the bill. *Alexander Lumber Co. v. Coberg,* 276 Ill. App. 605 (Abst.). Section 23 of the

Liens Act, Cahill's St. ch. 82, ¶ 23, gave the original contractor an additional remedy for enforcing obligations which did not previously exist and under the authorities, where no statutory relief is granted or equitable relief warranted, the proceedings must be dismissed leaving complainant to pursue its legal remedies, if any. *Turnes v. Brenckle, supra.*

Heretofore an opinion was filed reversing and remanding this cause with directions to the circuit court to dismiss the bill. Upon petition by appellee for a rehearing, our attention was called to the fact that our previous opinion only determined that appellee was not entitled to a lien under section 23. We have, therefore, given the other questions our consideration and the original opinion is supplemented as herein indicated and the petition for a rehearing will be denied.

The decree of the circuit court is reversed and this cause is remanded, with directions to enter a decree dismissing the bill for want of equity.

*Reversed and remanded with directions.*