Vaughan E. Westerfield, Appellee, v. Norman W. Redmer and A-1 Screw Machine Products Company, Appellants.

**Gen. No. 41,545.**

Opinion filed April 28, 1941.

MORRIS A. HAFT, of Chicago, for appellants.

OLIVER C. HEYWOOD, of Chicago, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

The appeal of defendants is from a judgment in the sum of $700 entered in favor of plaintiff in an action brought in equity by plaintiff to compel the performance of an alleged oral agreement to cause a new corporation to be formed which would acquire the assets of certain other corporations and employ plaintiff as manager. Defendants answered the bill denying the contract and averred that if made it was unenforceable by reason of the statute of frauds. The answer admitted employment of plaintiff by defendants at a salary of $50 per week and said that he had worked five weeks and that they tendered $250 in payment, which plaintiff refused to accept. The answer also averred that the contract between defendants and plaintiff was for personal services and could not be specifically performed for that reason.

There was trial by the chancellor and on July 2, 1940, a decree finding that there was no contract other than for personal services which plaintiff had furnished at defendants' request, and that he was entitled to recover $100 per week for seven weeks, a total of $700, for which judgment was entered. There is no report of proceedings. The praecipe called for it. Defendants elected not to file it.

It is contended that since the court found there was no ground for equitable relief and that the basis of the court's equitable jurisdiction had failed, the court was without jurisdiction over purely legal rights of action and that to enforce such a right deprived defendants of their constitutional right of trial by jury. In support of these contentions with other cases are cited *James H. Rice Co. v. McJohn*, 244 Ill. 264;

*Townsend v. Townsend,* 362 Ill. 384; *Toledo, St. Louis & N. O. R. R. Co. v. St. Louis & O. R. R. Co.,* 208 Ill. 623, 632; *Brauer v. Laughlin,* 235 Ill. 265; and *Metropolitan Life Ins. Co. v. Davis,* 295 Ill. App. 582. These cases in substance hold that grounds of equitable jurisdiction must be alleged in the bill and proved upon the hearing in order to give to a court of equity jurisdiction to decide and adjudicate a purely legal claim connected with the subject matter of the litigation. This seems to have been the law prior to the enactment of the Civil Practice Act. Thus in *Brauer v. Laughlin,* 235 Ill. 265, the Supreme Court said:

"The recovery here allowed is upon a purely legal demand, and if an action had been brought at law, either of the parties would have been entitled to a jury on the trial. Courts will not permit parties to sue in chancery, and upon failure to establish any basis for equitable relief have the bill retained for the purpose of a recovery upon a purely legal demand. To allow this to be done would be to deprive the defendant of his constitutional right of trial by jury."

These decisions were rendered prior to the enactment of the Civil Practice Act (Laws of 1933, p. 784) which has very much modified the procedure in civil actions at law and in equity. By section 1 of the act it is made applicable "to all civil proceedings, both at law and in equity," except where the same is regulated by special statutes. Section 31 of the act provides that there shall be no distinctions respecting the manner of pleading between actions at law and suits in equity other than as specified in the act, but the section shall not be deemed to affect substantial averments of fact necessary to state a cause of action at law or in equity. Section 43 (1) of the act provides that parties may plead as many causes of action, counterclaims, defenses, and matters in reply or rejoinder as they may have and that each shall be separately designated and numbered. Section 44 (1)

provides that subject to rules any plaintiff or plaintiffs may join any causes of action whether legal or equitable or both, against any defendant or defendants; and subject to rules the defendant may set up in his answer any and all cross demands whatever, whether in the nature of recoupment, set off, cross bill, in equity or otherwise, which shall be designated counterclaims. "But the court may, in its discretion, order separate trials of any such causes of action or counterclaims if they cannot be conveniently disposed of with the other issues in the case. Legal and equitable issues may be tried together where no jury is employed." (2) of section 44 provides in substance that any action or counterclaim may be transferred at any time by order of the court from the law docket to the equity docket, or vice versa, as convenience may require.

Supreme Court Rule 9 (Smith-Hurd Ann. Stats., ch. 110, § 259.9, p. 503 [Jones Ill. Stats. Ann. 105.09]) provides that the complaint initiating an action shall contain in the caption and on the back or cover the words "at law" or "in chancery." If, however, any equitable relief is prayed the cause shall be marked "in chancery" even though relief "at law" is also prayed. Supreme Court Rule 10 provides in substance that in all matters which prior to January 1, 1934, were within the jurisdiction of a court of equity, whether directly or as an incident to other matters before it, or which the equity court could have heard so as to do complete justice between the parties, might be regarded thereafter as a single equitable cause of action and when so treated should be pleaded without being set forth in separate counts, and should be heard and decided in the manner heretofore practiced in courts of equity. Supreme Court Rule 11 provides that when actions at law and in chancery which might be prosecuted separately are joined, the party joining such action may, if he desires, treat them as separate

causes of action, plead such causes of action in distinct counts marked respectively "separate action at law" and "separate action in chancery"; that when so pleaded the court shall first determine whether the actions joined by the separate counts are properly severable, and, if so, whether the actions shall be tried separately and in what order, and whether the actions shall be tried together. If the court determines the actions are severable the issues formed under the legal counts shall be tried before a jury when a jury has been properly demanded or by the court when a jury has not been properly demanded, and the equitable issues shall be heard and decided in the manner heretofore practiced in courts of equity.

These sections of the Practice Act and the rules of court made pursuant thereto, we think, indicate that the manner of procedure in this case was within the discretion of the court. The matter of the employment of plaintiff by defendants was set up in the bill, and while the prayer was for equitable relief (namely, specific performance) the bill also prayed "for such other and further relief in the premises as the court shall deem equitable and just." It is true if the defendants had demanded trial by jury of these issues as to the amount due to plaintiff for his services, they would have been entitled to it, and under the provisions of the Civil Practice Act the chancellor would have been required to submit the issues to the jury. They made no such motion. They demanded no such trial. Under the provisions of section 64 of the Civil Practice Act (Smith-Hurd Ann. Stats., ch. 110, par. 188, p. 548 [Jones Ann. Stats. 104.064]) the jury must be regarded as waived. *People ex rel. Swanson v. Fisher,* 340 Ill. 250. Defendants have had a trial and on the trial made no objection to the procedure. Legal and equitable claims were heard together. It would be useless to send the case back to the trial court to have the chancellor enter an order that he should hear it

through his legal instead of his equitable ear. Substantial justice has been attained without any material disregard of defendants' legal rights. The judgment will therefore be affirmed.

. *Judgment affirmed.*

O'CONNOR, P. J., and McSURELY, J., concur.