Paul J. Wise, as Administrator of Estate of Morris H. Wise, Deceased, Plaintiff-Appellee, v. William C. Jerome, and Catherine Jerome, Defendants-Appellants.

**Gen. No. 10,761.**

Second District.

March 17, 1955.

Released for publication April 7, 1955.

O'Brien, McCollom & Boyle, of Chicago, for appellants.

John W. Daly, of Chicago, for appellee.

PER CURIAM.

Morris H. Wise, now deceased, filed in the circuit court of DuPage county, his amended complaint to enforce an original contractor's lien against premises owned by defendants the claimed lien allegedly derived from the furnishing by plaintiff, pursuant to alleged agreement with defendants, of materials and labor to construct cabins and to repair another building all located on defendants' premises. The amended complaint described the premises, the agreement between the parties, the materials and labor furnished, defendants' failure to pay, and plaintiff's right to a lien against said premises. The prayer requested that an account be taken and defendants decreed to pay within a short day to be fixed by the court and in default thereof that the described premises be sold to satisfy the amount due; that in case of such sale and failure of defendants to redeem in full, they be foreclosed from all rights to redeem; that a receiver be appointed and that plaintiff have such further relief as equity may require.

Defendants in their answer admitted ownership of the premises, but denied substantially all other allegations of the complaint, asserting as a defense the allegation that any labor and materials furnished by plaintiff were toward an arrangement to establish a motel and restaurant business wherein both parties were to be benefited and that thereafter a disagreement oc-

215

curred which brought the venture to an end. Defendants denied that plaintiff was entitled to the relief sought in their amended complaint or to any relief whatsoever in equity or at law.

The case was referred to a master who heard the evidence and concluded that the relationship between the parties could not be construed as that of contractor or materialman and recommended that a decree be entered dismissing the claim for lien. The master further found that plaintiff had furnished labor and materials of the value of $3,111.17 and recommended that plaintiff have judgment for said sum.

Both parties objected to the master's report and recommendations, plaintiff objecting to the denial of the lien and to the amount found due, it being less than his claim. Defendants' objection was that the master having concluded that plaintiff had no lien, neither he nor the court had authority to make a finding as to the amount or value of labor or materials furnished or authority to enter a personal judgment, and the further objection that the master failed to tax the costs against the plaintiff. The master overruled the objections except that he recommended that the costs be taxed equally between the parties.

The trial court ordered the objections to the master's report to stand as exceptions and entered a decree reciting that the matter was heard on plaintiff's amended complaint and the answer of defendants thereto and on the report and rulings of the master together with the transcript of the testimony taken and exhibits introduced before the master. The court in the decree approved and confirmed the master's report and rulings and findings of fact and denied the lien, but entered a decree for a money judgment in favor of plaintiff and against the defendants for the aforesaid $3,111.17 and assessed the costs totaling $813.80 one-half against the plaintiff and one-half against the defendants.

Defendants appeal from that portion of the decree which purports to render a money judgment against them and to assess costs against them, on the grounds that the court exceeded and contravened the limitations imposed by the mechanic's lien statute. Since no cross-appeal was filed this is the sole point presented to us for determination.

■ Prior to the Civil Practice Act it was without question the well-settled law of this State that the court in a suit to foreclose a mechanic's lien had no authority to render a personal decree where the right to lien had been denied. (Green v. Sprague, 120 Ill. 416; Bouton v. McDonough County, Board of Sup'rs, 84 Ill. 384; McCarthy v. Neu, 93 Ill. 455, 457.) Such had been the decisions of our courts from the earliest years of the statute.

By amendment to the Act in 1903, the legislature attempted to give such authority, but in Turnes v. Brenckle, 249 Ill. 394, this provision was held unconstitutional on the grounds (a) that it constituted class legislation, (b) that it deprived the defendant of the right to a trial by jury in a proceeding which had virtually become an action at law and that it was no answer that the court could in chancery cases have allowed a jury trial, a trial by jury in chancery never being a matter of right except where by statute expressly given. The Supreme Court declared in the Turnes case, supra, (400), "Mechanic's liens exist only by virtue of statutes creating them and providing a method for their enforcement. No such liens were recognized by the common law, nor were they allowed in equity independently of statutes. (Slack v. Collins, 145 Ind. 569; 42 N. E. Rep. 910; 27 Cyc. 17.) Since such statutes are in derogation of the common law, they are strictly construed with reference to all requirements upon which the right to a lien depends. (27 Cyc. 20; Butler v. Gain, 128 Ill. 23; Williams v. Vanderbilt, 145 Ill. 238; Freeman v. Rinaker, 185 Ill. 172.) Independently of

217

the statute of 1903, a personal decree was not authorized where an effort to establish such lien had been made and failed. (Green v. Sprague, 120 Ill. 416; Bouton v. McDonough County, 84 Ill. 384.) While the power of a court of equity to enter a personal decree for a deficiency after there has been a sale has been recognized, we are not aware of any case which holds that the court may enter a personal decree where there has been an entire failure to establish a lien under the statute."

The Brenckle case was followed by Novak v. Kruse, 211 Ill. App. 274, where the trial court was held to have exceeded its jurisdiction in entering a personal judgment, the lien having been denied. Similarly in Standard Oil Co. v. Kapschull, Davis Co., 276 Ill. App. 281, which involved a suit in equity to establish a mechanic's lien and liability on a contractor's bond, the lien having been denied by the trial court. In that case the reviewing court said: "This holding is not authority for the proposition that in this proceeding the lower court, even though a lien be denied appellee, should have determined the rights of appellee upon the bond executed by appellant. The statutory relief sought by appellee cannot be granted because under the construction of the statute as adopted in the Coberg case, supra, one who furnishes supplies to a subcontractor is not entitled to a lien upon the funds in the hands of the state. This relief having been denied appellee, all that was left to be ascertained and adjudicated were legal rights and the lower court erred in not dismissing the bill and leaving appellee to pursue his legal remedies.

"Independent of any statute, a personal decree is not authorized in this State where an unsuccessful effort to establish a lien has been made. Turnes v. Brenckle, 249 Ill. 394. . . .

"It is insisted that a court of equity, having obtained jurisdiction in this case will retain it in order to do complete justice between the parties, that appellant

218

submitted itself to the jurisdiction of the trial court without insisting that appellee had an adequate remedy at law and therefore that portion of the decree of the lower court fixing the liability of appellant upon its bond should be affirmed.

". . . There are no allegations in the bill which can be said to appeal to the conscience of a court of equity. . . . and appellee not being entitled to a lien, the decree should have so found and dismissed the bill. . . . where no statutory relief is granted or equitable relief warranted, the proceedings must be dismissed leaving complainant to pursue its legal remedies, if any. Turnes v. Brenckle, supra."

These cases antedated the Civil Practice Act and plaintiff contends that the Civil Practice Act has changed the law in this regard, that the provisions of said act apply to proceedings under the mechanic's lien statute and when the trial court found that it could not grant the relief prayed for under the statute, it had the right under its general powers to enter a money judgment.

Plaintiff cites as authority the case of Westerfield v. Redmer, 310 Ill. App. 246, 33 N.E.2d 744. That case was one in equity for specific performance of an employment contract, the prayer also containing a general request for such other relief as the court should deem equitable and just. The chancellor found that there was no ground for equitable relief, but did enter a money judgment for the amount of wages found due, holding that while prior to the Civil Practice Act, such action would not have been proper, same was authorized by the provisions of the act which provided joinder of causes of action whether legal or equitable or both and the trial of legal and equitable cases together where no jury is employed and that the court could retain jurisdiction of the matters involved in the case in order to do complete justice between the parties. The Westerfield case is followed by other cases of the

■

Appellate Court including Elmore Real Estate Improvement Co. v. Olson, 332 Ill. App. 475, which also involved a suit for specific performance wherein the proof was insufficient for the equitable relief requested, but a money judgment was given. Also in Wickiser v. Powers, 324 Ill. App. 130, the Appellate Court held it proper to enter a money judgment decree in a suit originally filed in the nature of a creditor's bill.

■ These cases are authority for the contention that in an equity suit of the class which invokes the general powers of the court, the court may, even upon finding the proof insufficient to give the equitable relief upon which the suit was based, retain the case in order to do complete justice between the parties.

Applying this to the matter here involved, plaintiff borrows the language of the Westerfield case, supra, and insists that it would be useless to send the instant case back to the trial court with instructions to hear it through its legal rather than its equitable ear. Such is not the distinction. Plaintiff sought his relief under the mechanic's lien statute, and the relief there granted is limited by the statute. He did not at any time during or after the hearing to establish the lien, amend his complaint; nor was any hearing had or evidence heard except under his complaint to foreclose the lien.

■ Mechanic's liens, being in derogation of the common law, the statute creating them will be strictly construed. (Roth v. Lehman, 1 Ill.App.2d 94, 97, 116 N.E.2d 413, 414; Butler v. Gain, 128 Ill. 23, 29, 21 N. E. 350.) Substantive principles of equity are inapplicable to support such statutory provisions. (John E. Burns Lumber Co. v. W. J. Reynolds Co., 148 Ill. App. 356, 364.) In the matter of costs, it is the statutory provision and not the ordinary chancery practice that controls. (Kalina v. Steinmeyer, 103 Ill. App. 502; Ill. Rev. Stats. 1953, ch. 82, sec. 17 [Jones Ill. Stats. Ann. 74.17]; Love, Illinois Mechanic's Liens, 2nd Ed., par. 106, p. 319.)

It would be inconsistent to hold that the trial court in a suit to foreclose a mechanic's lien is clothed with powers restricted by the statute under which the suit was brought and at the same time with the broad general powers possessed in other classes of cases. Such a blending of powers would render moot and ineffective the rule of strict construction applicable to statutory proceedings.

In Edwin Pratt's Sons' Co. v. Schafer, 290 Ill. App. 80, 7 N.E.2d 901, suit was brought under section 23 of the mechanic's liens statute [Ill. Rev. Stats. 1953, ch. 82, § 23; Jones Ill. Stats. Ann. 74.23] to establish a lien against funds due a contractor for public improvements. The lien claim was greatly in excess of the funds then due and the trial court allowed the lien to the full amount of said funds and, in addition, entered a personal or deficiency decree against the defendant for the balance. The Appellate Court in reversing that part of the decree said (91): "Unless the lien was established, as alleged in the bill, a court of equity had no authority to proceed with the suit, Turnes v. Brenckle, 249 Ill. 394. The proceeding is in rem in the absence of a statutory provision that a personal or deficiency decree may be rendered, the court had no authority to render such a decree in a case of this kind. (Bouton v. Cameron, 205 Ill. 50, 66). That part of the decree which rendered a personal or deficiency decree against Schafer and Olson is extrajudicial."

There is an analogy between suits to foreclose mechanic's liens and statutory proceedings to foreclose a real estate mortgage. Our Supreme Court in Conerty v. Richtsteig, 379 Ill. 360, 41 N.E.2d 476, 479, a case decided after the Civil Practice Act was well established, held improper the entry of a deficiency decree in a foreclosure proceeding where the mortgage had failed. In the language of the court: "Notwithstanding this statutory provision expressly authorizing the court to enter a deficiency judgment in a foreclosure

221

suit, the rule is settled that if for any reason the holder of the mortgage cannot enforce his mortgage as against the property, the court had no power to enter judgment in that suit on the personal liability for the payment of the debts. In Bouton v. Cameron, supra (205 Ill. 50, 68 N. E. 800), it was said: 'It is only by virtue of the statute that a money decree can be rendered by a court of equity in a foreclosure proceeding, and the statute provides only for a deficiency decree for the balance remaining due after a sale of the property has failed to produce the full amount found to be due. That a money decree can be rendered, in a foreclosure suit, for a deficiency only, has been decided by both this court and the Appellate Court. In Cotes v. Bennett, 183 Ill. 82 (55 N. E. 661 at 662), it was declared (p. 85): "It is only in virtue of power conferred by the statute a money decree can be rendered by a court of chancery in a foreclosure proceeding against the mortgagor or other person liable for the mortgage debt." ' "

 Under these cases we hold that it is still the settled law of this State that where plaintiff has failed to establish his mechanic's lien, the court has no authority, in that suit to enter a money judgment or personal decree. The only proper decree is to dismiss the bill for want of equity.

The decree of the circuit court is reversed and this case is remanded to that court with directions to enter a decree dismissing the amended complaint for want of equity. The costs will be taxed to plaintiff, the losing party, as provided by statute.

Reversed and remanded with directions.